[No. 1256.  Decided January 3, 1895.]

COSH-MURRAY COMPANY, *Appellant*, *v.* A. A. TUTTICH
        ET AL., *Defendants*.

WILLIAM PECK & CO., *Respondent*, *v.* A. A. TUTTICH
        ET AL., *Defendants*.

#### ATTACHMENT—COMMENCEMENT OF ACTION.

Code Proc., § 171, providing that civil actions shall be commenced by the filing of a complaint with the clerk has not been repealed, in so far as the issuance of writs of attachment is concerned, by the passage of the practice act of 1893, declaring that civil actions in the superior courts shall be commenced by the service of a summons.

*Appeal from Superior Court, Snohomish County.*

*Clark & Allen*, for appellant.

*Walling & Bogart*, for respondent.

The opinion of the court was delivered by

STILES, J.—This was a contest between the attaching creditors of the defendants Tuttich *et al.* for priority in the application of the proceeds of attached property. The court below found that Wellman, Peck & Co., August 9, 1893, filed with the clerk of the court its complaint and affidavit and bond for attachment, and caused the clerk to issue the writ which, with the summons in the case, was on the same day placed in the hands of the sheriff for service. The sheriff levied the writ on the 9th, and served the summons the next day. And the court also found that on August 10 the Cosh-Murray Co. commenced its action by the service of a summons, and on August 12 procured a writ of attachment, which was thereafter levied by the sheriff upon the same property taken by him under the Wellman, Peck & Co. writ.

The question of priority here raised has its origin in the first section of the practice act of 1893 (Laws, p. 407),

which declares that civil actions in the superior courts shall be *commenced* by the service of a summons. The code provided that civil actions should be commenced by the filing of a complaint with the clerk (Code Proc., § 171); and the attachment statute authorized the issuance of a writ at the time of commencing an action, or afterward (Code Proc., § 288). There was no difficulty under the former practice act, but the present one seems to require construction, or it will have the effect to obliterate the attachment law in all cases where the debtor cannot be found and personally served in the state. There is no jurisdiction in the courts of a state to enter judgment, in an action for debt, which will bind the property of a non-resident not served, unless there has been an antecedent seizure of the property under some proceeding, in this state, under attachment. *Pennoyer v. Neff*, 95 U. S. 714. So there is no authority for publication of a summons in such cases until property has been levied upon. But there seems to have been no intention on the part of the legislature to abolish the attachment law to so great, or to any, extent, and the new act ought to be construed so as to save the operation of the remedial statute, if possible. Sections 8, 9, of the new act provide for service by publication against non-residents having property in the state, and it must have been in the contemplation of the legislature that in such case an attachment would have been issued and levied upon property before service of the summons. Again, in § 17 (Laws 1893, p. 412), it is provided that whenever a writ of attachment has been issued and levied upon real property (this must be the meaning of the words "intended to affect real property"), the plaintiff may file a *lis pendens*. And further along :

"For the purpose of this section an action shall be deemed to be pending from the time of filing such notice : *Provided, however*, That such notice shall be of no avail unless it shall be followed by the first publication of the summons, or *by the personal service thereof on a defendant within sixty days after such filing.*"

This is conclusive that the supposition of the legislature

was that writs of attachment would be issued and levied be-
fore either publication or service of summons.

The repealing clause of the act is simply : " All acts and
parts of acts inconsistent with this act are hereby repealed,"
§ 38 (Laws 1893, p. 417); and in view of the express recog-
nition of attachments to be issued before service of the sum-
mons, we are constrained to hold that, for the purpose of the
issuance of these writs, § 171 of the Code was not intended
to be repealed, but that the filing of the complaint is still to
be taken as the commencement of an action upon which the
clerk is authorized to act.

The order appealed from is therefore affirmed.

DUNBAR, C. J., and HOYT and SCOTT, JJ., concur.