14  225
s15  311

[No. 2059.  Decided March 9, 1896.]

SCHWABACHER BROS. & CO., *Respondent*, v. ABRAHAMS
GROCERY COMPANY, *Appellant*.

ATTACHMENT — WHEN MAY ISSUE.

An attachment may issue after the filing of a complaint and before service of summons, under the statutes of this state.

Appeal from Superior Court, King County.—Hon. RICHARD OSBORN, Judge.   Affirmed.

*Winsor, Bush & Morris, Boyd J. Tallman*, and *Allen & Powell*, for appellant.

*Donworth & Howe*, for respondent.

*Per Curiam*.—This appeal is from an order of the superior court of King county, refusing to dissolve an attachment.

(1). Appellant's first contention is that the attachment issued before the action was commenced by the service of summons.   It was not issued, however, until after the filing of the complaint.   The objection, therefore, is not well taken.   *Cosh-Murray Co. v. Tuttich*, 10 Wash. 449 (38 Pac. 1134).

(2). It is next urged that the allegations for the attachment were untrue.   These allegations are, "that said defendant has assigned secreted and disposed, and is about to assign, secrete and dispose of its property, with intent to delay and defraud its creditors, and has converted a part of its property into money for the purpose of placing it beyond the reach of its creditors."   The motion to dissolve was based upon affidavits, and the respondent in turn filed affidavits supporting the attachment.   We have carefully examined all of the affidavits so submitted, a detailed

15—14 WASH.

reference to which is deemed neither useful nor necessary, and conclude that sufficient was shown to justify the attachment and the order which was made sustaining it.

(3). We are unable to discover from the record that the appellant corporation is insolvent, and no allegation to that effect is contained in the affidavit upon which the writ issued. It therefore becomes unimportant to determine whether an attachment may be had in this state against the property of an insolvent corporation.

The order appealed from is affirmed.