ALFRED METTLER ET AL. *vs.* ANNA B. SNOW.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

The scope of a wife's implied authority to pledge her husband's credit for necessaries sold and delivered in New York and consumed by the family while residing there, is to be governed by the law of that State.

Inasmuch as it is the duty of a husband to support his family, he is presumed, under the law of New York, to be primarily liable for necessaries furnished to it upon the order of his wife acting as his agent; and she is not liable unless she expressly agrees to pay for them, or unless she exceeds her authority as his agent.

In the present case it appeared that for twelve years and until the account in suit was closed, the plaintiffs' bills for groceries were paid by the husband with his own checks. *Held* that under these circumstances the wife did not exceed her authority in ordering the groceries on the credit of her husband.

The case of *Buckingham* v. *Hurd*, 52 Conn. 404, explained and distinguished.

Argued June 8th—decided July 27th, 1916.

ACTION to recover the reasonable worth of groceries and provisions alleged to have been sold and delivered to the defendant, a wife, and to have been used by her for her own support and that of her husband and their children, brought to and tried by the District Court of Waterbury, *Meigs, Deputy-Judge;* facts found and judgment rendered for the defendant, and appeal by the plaintiffs. *No error.*

The plaintiffs, merchants doing business in Brooklyn, New York, bring this action to recover, from the wife of Henry Sanger Snow, for provisions sold and delivered on the defendant's order for the support of Snow and his wife and children, then living together as one family. The defense is that the sale and delivery of the goods took place within the State of New York at times when

Mettler v. Snow.

the plaintiffs and the defendant and her husband were all residents of the State of New York, and that under the law of New York the defendant is not liable, because she ordered and requested the delivery of the goods as the agent of her husband, and because she never purchased nor agreed to purchase the same on her individual and personal credit or liability.

It appears from the finding of facts that the plaintiffs delivered provisions to the Snow household in Brooklyn from January, 1894, until February, 1908, upon a running account. For about thirty months the bills rendered by the plaintiffs were paid by checks drawn by Mrs. Snow, but always out of moneys supplied to her for household expenses by her husband, and then from July, 1896, until February, 1908, with a single exception, all such bills were paid by checks of the defendant's husband. In February, 1908, Henry Sanger Snow abandoned his wife and family, leaving a balance due on the account for which this action is brought. After her husband's disappearance, Mrs. Snow opened an account with the plaintiffs in her individual name, and regularly paid all bills rendered. The plaintiffs never made any claim upon Mrs. Snow for the bill now in suit, or asserted liability on her part therefor, until sometime during the year 1913, and the court finds that she never made any promise or agreement to pay for any of the provisions in question, and that none of them were furnished by the plaintiffs on the personal credit of the defendant.

The plaintiffs claim, first, that the defendant is liable under the Connecticut statute; and, second, that the defendant is liable under the New York law also.

*Dennis W. Coleman*, for the appellants (plaintiffs).

*Wilson H. Pierce*, for the appellee (defendant).

Mettler *v.* Snow.

BEACH, J. Since the transaction was begun and completed in New York State, the question whether that transaction gave rise to an implied obligation on the defendant's part is a question which must be answered by the law of New York. Plaintiffs contend that under the rule laid down in *Buckingham* v. *Hurd*, 52 Conn. 404, the defendant is liable under the law of Connecticut. In that case, however, the husband and wife were citizens and residents of this State at the time when the goods in question were sold and delivered, and although the actual sale and delivery took place in the State of New York, the goods themselves were in fact consumed in the State of Connecticut, so that the beneficial use of the goods took place in Connecticut and not in New York. Upon this state of facts the question in *Buckingham* v. *Hurd* was whether the obligation of the wife under our statute arose out of the contract made and performed in New York for the sale and delivery of the goods, or whether it arose out of the joint beneficial use of the goods in Connecticut by the husband and wife. We held that the obligation arose from the beneficial use and not from the contract, and therefore that the case was governed by the law of Connecticut, where the goods were used, saying (p. 407): "The action is not brought on an express contract made by the husband, but upon the implied promise, which the statute raises from the beneficial use by the husband and wife of the goods purchased. The express contract made in New York, therefore, may be laid out of the case." Here the goods were sold and delivered in New York, and were consumed there, and all the parties were residents of New York. Hence the legal effect of the whole transaction from beginning to end, the capacity of the defendant as a married woman to contract, and the scope of her implied authority to pledge her husband's credit for neces-

saries, are all to be determined according to the law of New York.

In New York the common-law duty of a husband to support his family is supplemented by the statutory authority of a married woman to contract as if unmarried. But there is no statute similar to our § 4546 of the General Statutes, which imputes to the wife, also, a liability arising out of the beneficial use of goods in fact used for the support of the family. Hence the liability of the defendant under New York law depends wholly upon principles of contract, subject to the presumption, arising from the husband's duty to support the family, that he is primarily liable for necessaries furnished for that purpose upon the order of the wife, acting as his agent. And so all the New York cases seem to agree, that in such cases the wife is not liable, unless by express agreement she charges herself personally, or unless she exceeds her authority as the agent of her husband. *Tiemeyer* v. *Turnquist*, 85 N. Y. 516; *Winkler* v. *Schlager*, 64 Hun (N. Y.) 83, 19 N. Y. Supp. 110; *Lindholm* v. *Kane*, 92 Hun (N. Y.) 369, 36 N. Y. Supp. 665; *Grandy* v. *Hadcock*, 85 N. Y. App. Div. 173, 83 N. Y. Supp. 90; *Valois* v. *Gardner*, 122 N. Y. App. Div. 245, 106 N. Y. Supp. 808; *Wanamaker* v. *Weaver*, 176 N. Y. 75, 68 N. E. 135.

In this case the finding is explicit that the defendant never at any time agreed to pay for any of the groceries furnished by the plaintiffs, and that none of them were sold or delivered on her personal credit. This finding is not excepted to, and it concludes that branch of the argument.

The remaining question is whether the defendant made herself liable as a principal by exceeding the limitations of her agency to bind her husband; and on this point the plaintiffs rely upon a finding that the husband made advancements to the wife of large sums

of money for household expenses, from which it is argued, on the authority of *Wanamaker* v. *Weaver*, 176 N. Y. 75, 68 N. E. 135, that the defendant had no right to pledge her husband's credit for such expenses. But the argument is completely refuted by the finding that for twelve years before the account was closed the husband paid the plaintiffs' bills by his own checks. This satisfies us, as it did the trial court, that the defendant was not exceeding her authority in ordering these groceries on credit.

There is no error.

In this opinion the other judges concurred.