[No. 13696.  *En Banc.*  October 26, 1917.]

SARA E. C. KELLEY, *Respondent*, v. FREDERICK BAUSMAN et al., *Appellants*, S. FOSTER KELLEY, *Defendant*.[1]

HUSBAND AND WIFE — SEPARATE MAINTENANCE — ACTIONS — COMPLAINT. The complaint in an action for separate maintenance need not negative the fault of the wife or allege affirmatively that she is without funds.

SAME — SEPARATE MAINTENANCE — JURISDICTION. An action for separate maintenance is transitory and may be maintained by a nonresident wife against a nonresident husband.

SAME — SEPARATE MAINTENANCE — DEFENSES. In an action for separate maintenance against a husband and third persons, any defense available to the husband is available to the other defendants, and they may affirmatively allege a prior settlement.

TRIAL—NOTICE—NECESSITY. Where an action is at issue upon denials of the defendants it is error to bring the same on for trial without notice to the defendants.

CORPORATIONS—STOCK—ACTIONS—PARTIES INTERESTED—RIGHTS OF HOLDER. In an action for separate maintenance against a husband and third persons holding his property, it is error to order the proceeds of stock standing in the name of another to be paid into the registry of the court without a hearing or bringing in the parties in whose name the stock stands.

[1]Reported in 168 Pac. 181.

BILLS AND NOTES—ACTIONS—PROCEEDS—RIGHTS OF MAKER.  In an action for separate maintenance against a husband and third persons holding his property, it is error to require the maker of a note payable to the husband to pay the amount due into court without surrender of the note, as it would expose him to a double liability; and it is immaterial that his rights might be determined on a hearing after the payment of the money into court.

PROCESS — SERVICE BY PUBLICATION — WHEN AUTHORIZED—ACTION FOR SEPARATE MAINTENANCE.  Service by publication may be had in an action for separate maintenance against a nonresident husband, where third persons holding property of the husband in this state were joined as defendants and a restraining order issued restraining them from disposing of the property.

COURTS — JURISDICTION — CONFLICT — ACTION PENDING IN OTHER STATE.  Where, pending appeal in an action for separate maintenance between nonresidents, it is made to appear that the wife has begun an action for divorce in another state, where the parties reside and where their property is situated, the action for separate maintenance will be stayed pending final determination of the divorce case in the court of wider jurisdiction.

ELLIS, C. J., HOLCOMB, MAIN, and PARKER, JJ., dissent.

Appeal from a judgment of the superior court for King county, Smith, J., entered April 13, 1916, upon findings in favor of the plaintiff, in an action for separate maintenance. Remanded for stay of proceedings.

*Bausman, Oldham & Goodale* (*Walter L. Nossaman*, of counsel), for appellants.

*Carkeek & McDonald* and *F. C. Kapp*, for respondent.

CHADWICK, J.—Plaintiff brought this action against her husband for separate maintenance. She joined as defendants Frederick Bausman, Daniel Kelleher, the Seattle National Bank, the Maine Improvement Company, and Lewis C. Palmer, alleging that the defendants held property belonging to the defendant Kelley or were indebted to him. She applied for, and was granted, an injunction restraining the several defendants from in any way disposing of, or interfering with, certain property alleged to be in their possession, and from paying any money over to Kelley. Defendant Kel-

ley is a nonresident of the state. He was served by publication, but made no appearance. The other defendants demurred to the complaint, which was overruled. They then answered, taking issue with the material allegations of the complaint.

While the answers were pending and undisposed of, the plaintiff, without notice to any of the defendants, brought the case on for hearing. The court made findings charging the several defendants with having property in their possession belonging to Kelley or with owing him money, and directed that the proceeds of certain stocks in the Seattle National Bank and the Maine Improvement Company, standing in the name of another, and an amount due on a certain promissory note theretofore made by the defendant Kelleher in-favor of Kelley, be paid when due into the registry of the court.

Aside from the general issue, defendants had tendered, by way of affirmative defense, the issue of a former settlement between the plaintiff and defendant, in that the principal parties had made a division of defendant's property, and that Kelley had transferred to plaintiff property of the total value of at least $40,000, and that plaintiff has now ample means to support herself and children. The affirmative defense was, upon motion, stricken. The answering defendants moved against the judgment in the court below. Failing to obtain a hearing and relief, they have appealed to this court.

It is first contended that the complaint does not state a cause of action because it does not allege that the plaintiff was without fault and that she is without means. The rule upon which appellants rest their contention is that their liability, if any, is secondary, and if plaintiff is at fault or has means of her own, she cannot maintain the action against the defendant Kelley, and that they should not, for that reason, be further vexed by her suit.

We are inclined to the opinion that the complaint should not be held bad on demurrer because it does not negative the

fault of the wife or allege affirmatively that she is without funds. Fault will not be presumed. In the absence of an affirmative showing by way of defense, the court should rather hold that the wife is dependent upon the husband, or that he, having the management and control of the community personal property, has the use of funds which ought in equity to be applied to the support of his wife.

It is next contended that the courts of this state cannot entertain jurisdiction because both parties are nonresidents of the state. Appellants cite many cases from other states holding that the parties, or at least one of them, to a suit for separate maintenance must reside in the state or county in which the action is maintained. An action for maintenance is entirely independent of divorce statutes. It is transitory, and an action may be maintained without reference to the residence of the parties, or either of them. *State ex rel. Lloyd v. Superior Court*, 55 Wash. 347, 104 Pac. 771, 25 L. R. A. (N. S.) 387.

We do think, however, that the court erred in striking the affirmative defense. Plaintiff is seeking to charge the appellants as debtors or trustees of defendant Kelley. She is seeking affirmative relief, and any defense that would be available to Kelley is available to them.

The court erred in bringing on the trial without notice to the several defendants. By their answers, they denied that they held property as the trustee of Kelley, or that they were owing Kelley anything. Before a judgment of any kind could be entered against them, they were entitled to be heard.

The court erred in requiring the parties to pay money, the proceeds of stocks and the promissory note made by Kelleher, into the registry of the court. So far as the record goes, the stock, which plaintiff insists is the property of Kelley, is not in his name. The court had no power to say to these appellants, without a hearing and without bringing in the party in whose name the stock stands, that they must pay anything into the registry of the court to be distributed as the court

may see fit. The appellant companies are entitled, since the stockholder, or the one in whose name the stock stands upon their books, is not restrained, to deal with him as the owner of the stock. The order of the court was not only not warranted by the testimony, but was entirely beyond the power of the court to make.

The court also erred in ordering Kelleher, either with or without a hearing, to pay the proceeds of the note which he had theretofore made in favor of Kelley into the registry of the court. It is a cardinal principle of the law that one who discharges a negotiable promissory note is entitled to a surrender of his outstanding obligation. We know of no rule that would put the maker of a note to the hazard of a double liability.

Respondent meets the situation by asserting that appellants are mistaken in the form and force of the judgment, that all the court has done is to require the money to be paid into the court, and that the parties can *hereafter* raise any question of title that they may desire to bring to the attention of the court.

Appellants are unwilling parties to this litigation. They are entitled to have their rights determined upon the issue as tendered in this proceeding; to have a judgment entered finally and forever defining their rights as against all parties in interest. Furthermore, if such be the effect of the judgment, the proceeding is shorn of even the suggestion that it is a proceeding *in rem*, and the court would be without jurisdiction to enter any judgment at all upon the service by publication.

It is next contended that the court has no jurisdiction to entertain the suit or to enter a judgment, for the want of any sufficient service upon defendant Kelley. Service was made by publication. It is said that an action for maintenance being an independent proceeding resting in the general jurisdiction of a court of equity, as we have frequently held, will not support a service by publication unless some property is

sequestered by attachment or garnishment; this, under the rule announced in *Pennoyer v. Neff*, 95 U. S. 714.

Respondent, as heretofore suggested, made those alleged to have property belonging to defendant parties to the suit, and procured a temporary order restraining them from disposing of, or otherwise interfering with, the property pending a trial of the case.

The issue briefly stated is whether a restraining order directed to the person will operate as a sufficient sequestration of property to give the case the status of a suit *in rem*. In *Waldock v. Atkins* (Okl.), 158 Pac. 587, the court held that a temporary restraining order was not a provisional remedy within the meaning of a statute providing that, to sustain a service by publication, property must be sequestered by some provisional remedy; that the mere fact that the defendant owned property in the state, or a debt was owing to him by the party restrained, was insufficient, and in the absence of a seizure of the property, as distinguished from a direction to a third party as to the disposition of the property, the court is without power to render a judgment.

But a majority of the court are of the opinion that the court has jurisdiction. The cases to which we have been referred or have found after an independent search are the following: *Pennington v. Fourth Nat. Bank of Cincinnati*, 243 U. S. 269; *Bragg v. Gaynor*, 85 Wis. 468, 55 N. W. 919, 21 L. R. A. 161; *Murray v. Murray*, 115 Cal. 266, 47 Pac. 37, 56 Am. St. 97, 37 L. R. A. 626; *Hanscom v. Hanscom*, 6 Colo. App. 97, 39 Pac. 885; *Thurston v. Thurston*, 58 Minn. 279, 59 N. W. 1017.

The holding of the Oklahoma court seems the more sound to the writer, and especially so since our statute, Rem. Code, § 228, defines in terms the cases in which a summons may be published. The cases holding to the contrary might, with the possible exception of the Colorado case, be distinguished from the case at bar, but in view of the opinion of the majority of the judges, it would avail nothing.

After the argument and pending the opinion of the court, counsel for respondent made a motion accompanied by a showing that respondent had begun an action against defendant in the court of California praying for an absolute divorce; that the defendant, who also resides in California, had been examined in a judicial proceeding and had testified that he was the owner of the Kelleher note and that it was still in his possession. To the motion was attached a certified copy of an order issued by the foreign court restraining the defendant from disposing of the note. Respondent asks that this court remand the case to the superior court to take proof of the facts, or that we appoint a referee to take such proof.

This motion is met generally by the suggestion that we are not a court of first instance; that we will not hear evidence; that our function is to decide a case upon the record as of the time the appeal was taken, and it now appearing that respondent has begun an action for divorce in the courts of California, of which state defendant is a resident, that this case ought to be dismissed.

The action for divorce necessarily includes as an incident everything that could be decided in this case, and with a possible conflict of jurisdiction. The foreign court has jurisdiction of the parties, the *res*, which is the marriage state, and of the property of the defendant, and, because of its wider jurisdiction, we may assume that it will adjust the property of the parties with such allowances to the wife as the amount and situation of the property will allow and her needs may demand. A wife may be entitled to maintenance. It is never granted to a divorced wife. We might give the whole of the Kelleher note to respondent in lieu of monthly payments. The foreign court might conclude that she had settled all her property rights and is entitled to nothing, although granting her a divorce, with the result that a divorced woman would be maintained at the expense of her divorced husband, although her right to maintenance or alimony, if you will, had been denied in a case where the conduct of the

parties, their guilt or innocence had been tried out. In a case upon similar facts, a New York court having made an order for alimony upon a separation *a mensa et thoro*, the defendant, being delinquent, resisted a motion for past and future payments by motion to vacate upon a showing that the wife had instituted a divorce proceeding in the state of Connecticut. The court said:

"I think the court erred in not vacating the order for alimony, costs and gross sum remaining unpaid. The order for alimony was an incident to the relief sought by the suit in the City Court. She has virtually abandoned that action and tried her cause in another tribunal. The relief she will be entitled to, if she succeeds, will be greater than that allowed by our laws, and the court of Connecticut may grant the wife, by the decree, one-third of defendant's estate. While it is decided that only definitive judgments of another state bar proceedings for the same cause in this state, yet, upon an application to the discretion of the court based upon facts which show that possible injustice may operate therefrom, such court ought to stay or vacate an order until such time as it may be seen that no injustice can happen. If the same facts existed in this state and the plaintiff had commenced a suit in one county and obtained an order for alimony, and then had commenced and tried before a referee another action for the same cause in another county, I think it is clear that the court would vacate the order in the first suit unless the second was abandoned. The equity is the same in the present case, though inter-state law permits both actions.

"The plaintiff should resort to one court or the other. She should not collect alimony and counsel fee in the City Court upon an application for a limited divorce, and at the same time obtain an absolute divorce on the same facts in Connecticut with possibly one-third of defendant's estate awarded to her for her past and future support and maintenance." *Nichols v. Nichols*, 12 Hun (N. Y.) 428.

See, also, *Allentown Foundry & Machine Works v. Loretz*, 16 App. Div. 72, 44 N. Y. Supp. 689.

The rule is that, if the decision of the one case will sufficiently dispose of the whole subject-matter of the controversy between the parties, including the matter in litigation in the

first suit, and which may be said to be incident to the second action, the court will either dismiss or suspend the prosecution of the case of which it has jurisdiction in favor of the wider jurisdiction and until the main action is disposed of by the other court. We so read the text in 1 C. J. 1163. The only case resting upon a similar state of facts which might be said to be to the contrary is *Wood v. Wood*, 56 Fla. 882, 47 South. 560. The question is not reasoned out, nor is the holding of the court sustained by the text cited to support it.

Remanded with instructions to stay proceedings pending a final determination of the suit instituted by respondent in the courts of California.

MOUNT, WEBSTER, MORRIS, and FULLERTON, JJ., concur.

HOLCOMB, J. (dissenting)—I am unable to concur with the majority upon the question of the jurisdiction, and must dissent.

This court held in *Paxton v. Daniell*, 1 Wash. 19, 23 Pac. 441, and the rule has remained unquestioned since, that, under our statute, service of a summons upon a nonresident can be made only where property of the defendant is brought under the control of the court. In *Cosh-Murray Co. v. Tuttich*, 10 Wash. 449, 38 Pac. 1134, it was held that, in an action of debt against a nonresident defendant, there can be no publication of a summons prior to attachment of his property.

In this case it seems to be decided that, because this case is one for equitable relief, the injunctional process may be resorted to in order to reach and apply property which cannot be attached or garnished by law. It is true that the United States supreme court, in *Pennington v. Fourth Nat. Bank of Cincinnati*, 243 U. S. 269, following a construction sustaining jurisdiction by the supreme court of Ohio in the same case (92 Ohio St. 517, 112 N. E. 1085), sustained the lower court; and there are some other states which have adopted such rule. Even in the Ohio case passed upon by the United States supreme court, the equitable process ran against both the principal defendant and the bank,

enjoining disposition of, or interference with, funds deposited in the bank actually located in the state and in the jurisdiction of the court. Here the thing sought to be in a manner sequestrated is not a fund but a debt, a thing the property in which follows always the residence of the owner, the defendant. That fact, it seems to me, renders the thing unseizable in this state without actual, and not constructive, process issued and served upon the defendant, the owner.

In the Oklahoma case, cited in the majority opinion, it was said with sound reason that:

"In the absence of a seizure of property or debts upon which the judgment of the court is to operate, power to render any judgment is lacking. The mere fact that there is property belonging to the nonresident defendant within the jurisdiction of the court is not sufficient to give the court jurisdiction. 12 Enc. Pleading & Practice, 145. The property must be taken by one of the provisional remedies, or sought to be appropriated by some process of the court."

And it was held that injunction was not such process.

A restraining order or an injunction does not appropriate anything. It only controls the personal action of some one. It controls the person of the one against whom it runs, and does not take custody of the property. And here it controls the persons and actions only of the third persons, for the principal defendant was beyond the jurisdiction of the court.

It is shown that a foreign court has actually obtained jurisdiction of the parties, the subject of the action, and this very property now claimed to be seized in this state. There is a conflict of jurisdiction, and it seems but reasonable that the state court, having the weakest grounds to support its jurisdiction, should at least relinquish its shadowy jurisdiction to that court having unquestionable grounds to sustain its authority.

In my opinion, the action should be dismissed.

ELLIS, C. J., MAIN, and PARKER, JJ., concur with HOLCOMB, J.