FLORENCE J. ARTMAN ET AL. *vs.* E. LOUIS ARTMAN.

Third Judicial District, New Haven, January Term, 1930.
WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued January 30th——decided March 3d, 1930.

*Walter F. Foley,* for the appellant (defendant).

*Lyman H. Steele,* for the appellees (plaintiffs).

MALTBIE, J. This is an action brought by the wife of the defendant and their minor son through her as next friend, described as residents of New York, against the defendant, described as a resident of California, alleging that the defendant has for a long time absented himself from his home and has not supported them, that they are without means and unable to support themselves, but that he has ample means to support them, and seeking damages, an order that the defendant contribute a reasonable and necessary sum for their support, and such further order as to justice and equity may appertain in accordance with the statute in such case provided. The defendant pleaded to the jurisdiction, alleging that the parties were all residents of other States than this and that the action should be brought in a State where the plaintiffs or the defendant resides. To this plea the plaintiffs demurred because it appeared by the complaint and the officer's return that property of the defendant in this State was attached in the action by garnishee process. The trial court sustained the demurrer. In fact, neither the complaint nor the officer's return showed anything more than a direction to make service upon a garnishee named in it and that the papers were served on it, and did not show that any property was actually attached. The grounds stated in the demurrer were not therefore well taken. However, the judgment-file discloses that at the trial of the action it was proven that property of the defendant in the hands of the garnishee was attached and we are not bound to shut our eyes to this fact. *Mechanics Bank* v. *Woodward*, 74 Conn. 689, 691, 51 Atl. 1084. It is the fact of jurisdiction, not the way in which it is made to appear, which is the vital thing. *Schmidt* v. *Stolowski*, 126 Wis. 55, 61, 105 N. W. 44; *In re Newman*, 75 Cal. 213, 220, 16 Pac. 887. Should we find

error in the trial court's ruling on the demurrer, so far as this element in the case is concerned, it would have to be remanded for further proceeding, but the final result would be exactly the same as now reached. "It would serve no useful purpose to send the case back to have the erroneous ruling on the point of pleading corrected." *Frick* v. *Hartford Life Ins. Co.,* 98 Conn. 251, 256, 119 Atl. 229. We could not therefore find an error of the trial court as regards this feature of the case to be harmful.

In fact the brief of the defendant discloses, as the plea itself indicates, that his real purpose in filing it was not to attack the jurisdiction of the court upon the ground we have been discussing, but upon the ground that the courts of this State were without jurisdiction to entertain a suit of the nature of the one before us. As regards the plea, two elements would have to be present to give the court jurisdiction; the proper parties must be present, and the court must have cognizance of the class of cases to which the one to be adjudged belongs; at the time of the institution of the action, the third essential to jurisdiction, that the point decided must be in substance and effect within the issues, was not involved, because it would be assumed that the court would not go beyond the issues presented. *Case* v. *Bush,* 93 Conn. 550, 552, 106 Atl. 822; *New Haven Sand Blast Co.* v. *Dreisbach,* 104 Conn. 322, 329, 133 Atl. 99. The plaintiffs submitted to the jurisdiction of the court; and while the court did not acquire jurisdiction of the person of the defendant, it did, by the attachment, as the facts now appear of record, acquire the power to subject that property to any lawful judgment, and to that extent the power to bind the defendant by its judgment. *Smith* v. *Gilbert,* 71 Conn. 149, 153, 41 Atl. 284; *Coyne* v. *Plume,* 90 Conn. 293, 297, 97 Atl. 337. This prin-

ciple extends to actions by a wife to secure separate maintenance by her husband. *Shipley* v. *Shipley*, 187 Iowa, 1295, 175 N. W. 51; *Rhoades* v. *Rhoades*, 78 Neb. 495, 11 N. W. 122; *Kelley* v. *Bausman*, 98 Wash. 686, 168 Pac. 181. The Superior Court is a court of general jurisdiction as regards causes of action and the amount claimed in this case is within that prescribed by statute for the court. Unless the complaint shows upon its face that, by reason of the nonresidence of the parties, no cause of action is presented upon which the courts of this State may pass judgment, the court has jurisdiction to hear and determine the issues. *Russell* v. *Hooker*, 67 Conn. 24, 28, 34 Atl. 711.

The reference in the prayers for relief to the statute in such case provided meant no doubt § 1650 of the General Statutes, which provides that whenever any person shall become poor and unable to support himself or herself, and shall have certain relatives, including a husband or father, able to provide such support, they shall provide it, and, if they neglect to do so, a complaint may be brought to the Superior Court "of the county in which such poor person resides," and the court may thereupon make an order that a reasonable support be provided. We do not attach the significance to the phrase as to the Superior Court in which the action is to be brought which the defendant claims. In its earliest form the statute provided that the action should be brought in the county where the relative liable for the support resided and the reason of the change was clearly one of convenience; the preamble of the amending Act states that "whereas in said act it is provided that such relations, respectively, shall relieve such poor persons in such manner as the county court in that county where such sufficient persons dwell shall assess, and it so happens that such sufficient persons dwell in several counties, by means

whereof difficulties arise." Laws of 1715, p. 204; 9 Col. Rec. p. 132. However, it may well be that this statute, *ex proprio vigore,* could have no extra-territorial effect, so as to impose a liability, where neither the poor person nor any of the relatives liable for support are residents of this State and the neglect to furnish the support occurred elsewhere. *Mettler* v. *Snow,* 90 Conn. 690, 98 Atl. 322. In certain States the right of a wife abandoned by her husband to bring an action for maintenance is given by statute, among them California, of which the defendant is described as a resident. *Murray* v. *Murray,* 115 Cal. 266, 274, 47 Pac. 37. Without the aid of a statute a right in equity to make a decree granting such maintenance is very generally, though not universally, recognized in this country. *Baier* v. *Baier,* 91 Minn. 165, 97 N. W. 671; *Garland* v. *Garland,* 50 Miss. 694; *In re Popejoy,* 26 Colo. 32, 55 Pac. 1083; *Lang* v. *Lang,* 70 W. Va. 205, 73 S. E. 716; *Edgerton* v. *Edgerton,* 12 Mont. 122, 29 Pac. 966; Keezer on Marriage & Divorce (2d Ed.) § 635. While we do not find that this right has been recognized in New York, of which the plaintiffs are described as residents, neither do we find that it has been denied. Adopting the decisions quoted as stating the common law of this country, the trial court might have pronounced it to be the law of that State. *American Woolen Co.* v. *Maaget,* 86 Conn. 234, 243, 85 Atl. 583. The right to require such support is personal in its nature and hence is so far transitory that it may be maintained in a State where neither wife nor husband resides, if property of the latter is there subjected to the jurisdiction of the court. *Kelley* v. *Bausman,* 98 Wash. 686, 168 Pac. 181; *George* v. *George,* 190 Ky. 706, 228 S. W. 408. For our present purposes we need go no farther than to point out these facts, for they suffice at least to show that the allega-

tions of the complaint do not fail so utterly to state
any cause of action that the trial court did not properly
have before it for adjudication the question whether
or not under the particular facts here involved such a
right had been established. If it applied any wrong
rule of law to the situation, it was not acting without
jurisdiction but in the erroneous exercise of its juris-
diction. *Terry's Appeal,* 67 Conn. 181, 185, 34 Atl.
1032.

As the court had jurisdiction, the only other ques-
tion presented by the appeal is the nature of the relief
decreed. The judgment provides that the plaintiffs
recover of the defendant $2000 damages and that the
defendant pay to the plaintiffs the sum of $250 a
month for the support of herself and son and then
directs that the property attached be sold, that the
proceeds be applied to pay the judgment and the bal-
ance deposited with the clerk of court to be applied
to make the monthly payments due the plaintiffs un-
til it be exhausted or the court make further orders
in the premises. This decree was obviously not made
under our statute already referred to, obligating rela-
tives to support poor persons having a certain kinship
to them, because that provides for the enforcement of
its orders by execution; rather, it was made in the
exercise of the general equity powers of the court.
The defendant's property having been seized by at-
tachment, the powers of the court are sufficient to sub-
ject it to its decree. *Pennoyer* v. *Neff,* 95 U. S. 714,
734; *Coyne* v. *Plume,* 90 Conn. 293, 300, 97 Atl. 337;
*Forrester* v. *Forrester,* 155 Ga. 722, 731, 118 S. E. 373.
The decree of a court for support such as is ordered
in this case can properly provide that it shall be a
charge upon the property. *Murray* v. *Murray,* 115
Cal. 266, 274, 47 Pac. 37. Such a charge creates
a right in the nature of an equitable lien, by virtue

of which the property is primarily made security for the discharge of the obligation. *Connecticut Co.* v. *New York, N. H. & H. R. Co.,* 94 Conn. 13, 32, 107 Atl. 646; 3 Pomeroy's Equity Jurisprudence (4th Ed.) § 1244. The nature of this right, simplicity of procedure, and regard for the property rights of the defendant, dictate that, in so far as the judgment found a sum immediately due, the defendant be given an opportunity to pay it without the sale of his property and that he also be given an opportunity to file with the court a sufficient bond assuring the periodical payments to be made in the future. *Murray* v. *Murray, supra.* The judgment should proceed in accordance with that on file in finding the amount immediately due and in decreeing the periodical payments thereafter to be made to such an amount in the aggregate as, with the sum immediately due, does not exceed the value of the property attached as the court finds it to be; it should decree that the periodical payments be a charge upon the property of the defendant attached in the action; it should then direct that the plaintiff have her remedy by execution as regards the sum immediately due and provide that any sum left in the hands of the officer should be returned to the garnishee as agent of the defendant; that the garnishee be enjoined from delivering any property or moneys in its hands belonging to the defendant to any person other than an officer having an execution upon the judgment or some person appointed by the court to sell the same, until further order of the court; that, if the amount immediately due is paid, and if, within such reasonable time as the court shall fix, the defendant shall file with the court a good and sufficient bond, with surety, securing the payment of the periodical amounts, then the injunction may be dissolved; and that, otherwise, upon appli-

cation made, the trial court will appoint some person to sell the property. A decree for the sale of the property should direct that the matter be proceeded with in the method adopted for sales on foreclosure and that the sum realized be delivered to the clerk of the court, to be disbursed by him by periodical payments to the plaintiff in accordance with the decree.

There is error in the form of the judgment, it is set aside, and the Superior Court directed to enter judgment for the plaintiffs to recover the sum found to be immediately due in the judgment now on file, with the addition of such periodical payments directed therein as are past due, and interest, and for further periodical payments in the amount fixed in the judgment on file, and with the further provisions above indicated.

In this opinion the other judges concurred.