ADELINE HEIN
*vs.*
ALBERT G. HEIN

Superior Court          Fairfield County          File No. 62334

MEMORANDUM FILED DECEMBER 26, 1941.

*Arthur T. Gorman,* of New Haven, for the Plaintiff.

*Keogh & Candee,* of South Norwalk, for the Defendant.

*Harry L. Brooks,* Assistant Attorney General, for the State.

McEVOY, J. This action is brought to foreclose a judgment lien by virtue of the provisions of section 5120 of the General Statutes, Revision of 1930. The title of this section is: "Recording of judgment lien. When it holds from attachment."

The statute, upon which the present statute is based, was first enacted in 1878. It was the first real judgment lien of its kind in the United States.

It differs from other liens, particularly attachment liens, in that the owner of the judgment lien is not required to file it upon any land originally attached. It may be filed upon any real estate claimed to belong to the claimed debtor. *Beardsley vs. Beecher,* 47 Conn. 408, 413.

The gist of the demurrer is that it appears from paragraph three of the complaint that the judgment upon which this lien is said to be based was not a judgment for a liquidated amount of money damages and that, therefore, it does not furnish a proper basis for the filing of a judgment lien in that the court did not decree that the defendant owed the plaintiff a liquidated sum.

It should be further observed that a judgment lien is not an attachment. *Beardsley vs. Beecher, supra,* p. 414.

Moreover, the judgment lien may be filed at any time within the life of the judgment, except when it is desired to have the

lien relate back to the date of the previous attachment, in which case it must be filed within four months after the rendition of the final judgment. In this respect it is precisely like the levy of an execution.

In this case, on November 1, 1934, the plaintiff filed an attachment against certain real estate of the defendant and, in that writ, the officer was directed to attach the interest of the defendant in the sum of $20,000.

The officer's return shows that on November 17, 1934, in pursuance of the mandate of the writ, he did attach the real estate of the defendant in the sum of $20,000.

The lien holds only for the amount for which the officer was required to attach. The writ tells the officer how much to attach and by implication forbids his attaching more.

The attachment encumbers it to that extent and no more, and the amount must be in the direction to the officer, for the amount to which the officer was commanded to attach may well be taken as a fixed and certain limit.

The lien results from the act of the officer and not from any action by the court. It comes into existence and to its fullest extent when the attachment is made. Sound policy requires that the extent of it shall be known as soon as it exists. *Hubbell vs. Kingman,* 52 Conn. 17.

Section 5121 of the General Statutes, Revision of 1930, is entitled: "Lien only on land liable to execution at date of judgment."

This section refers to the land which it is claimed is liable to execution at the date of the judgment and not to the form of the judgment. The lien arises out of the action of the sheriff, in pursuance of the mandate of the writ, and not out of the judgment.

It is asserted in the demurrer that "the judgment being one other than for a liquidated sum of damages, is not a proper basis for the filing of a judgment lien."

The difficulty with this claim is that it overlooks the allegation of the complaint that the orginal action was brought claiming $20,000 damages.

It also overlooks the fact, as previously stated in this memorandum, that the officer was directed to attach for $20,000

and this he did. It thus appears that there is a basis for the judgment lien in two respects: (1) that the action was originally brought to recover $20,000 damages; and (2) that the officer was directed to attach for $20,000 and that he did this and that, in accordance with the terms of the statute, the amount of the attachment constituted an encumbrance, as of that date, and that encumbrance has been preserved against the property of the defendant by the filing of the judgment lien within the statutory time.

So much for the technical matters involved in the demurrer. The real claim of the defendant seems to be that, because no entire judgment was originally rendered but that the order of the court was that periodical payments be made, this is simply an "order" and not the basis for a judgment. In other words, it is the claim of the defendant that, because the court had not finally acted in the matter and had not decreed the amount or amounts which should be paid by the defendant *in toto* to the plaintiff, but left these payments to be made in the future, that the original judgment lien, now properly perfected, may not serve as the basis for enforcement by the plaintiff of the "orders" of the court as against the property of the defendant. This claim finds no real basis in our various decisions.

"The defendant's property having been seized by attachment, the powers of the court are sufficient to subject it to its decree....The decree of a court for support such as is ordered in this case can properly provide that it shall be a charge upon the property....Such a charge creates a right in the nature of an equitable lien, by virtue of which the property is primarily made security for the discharge of the obligation." *Artman vs. Artman,* 111 Conn. 124, 130.

So much in the nature of a lien is it that the defendant has the right to make application to the court to be permitted to file a bond so that the lien may be discharged.

"....the Superior Court [is] directed to enter judgment for the plaintiffs to recover the sum found to be immediately due in the judgment now on file, with the addition of such periodical payments directed therein as are past due, and interest, and for further periodical payments in the amount fixed in the judgment on file, and with the further provisions above indicated." *Artman vs. Artman,* 111 Conn. 124, 132.

It should be observed that the Supreme Court, in the *Art-man* case, directed that "further periodical payments" be inserted in and become a part of the judgment. That would seem to dispose of the claim that the direction that further payments be made simply be treated as "orders" and not part of an enforceable judgment.

The demurrer is overruled.