ELIZABETH M. GIMBEL *v.* FREDERIC A. GIMBEL ET AL.

KING, MURPHY, MELLITZ, SHEA and SHANNON, Js.

Argued June 9—decided July 29, 1960

SHEA, J. The plaintiff brought this action against her husband, Frederic A. Gimbel, to obtain a judgment for past and future support. Both parties are nonresidents. Named also as defendants were Ber-

nard F. Gimbel, Alva Gimbel and Frederic A. Gimbel, as trustees under the will of Rachel F. Gimbel, late of the town of Greenwich, deceased. Under the will, certain income from the trust was expressly made payable to the plaintiff's husband "for his support and maintenance, during the term of his natural life." The Probate Court for the district of Greenwich has jurisdiction of the trust. The plaintiff included in her claims for relief a request for an order regarding the surplus income not required for the support of the beneficiary of the trust, and for an order directing the trustees to make payments from such surplus to satisfy any judgment. See General Statutes § 52-321. The writ cited the trustees and The National Bank and Trust Company of Fairfield County to appear and disclose on oath whether they were indebted to the principal defendant, Frederic.

Certain irregularities and defects in the issuance and service of process cannot pass unnoticed. The language of the garnishment process differs from that ordinarily used. The legal relationship between the named garnishees and the principal defendant, Frederic, is not alleged. See General Statutes § 52-329; Practice Book, Form No. 3. Two of the trustees are residents of Greenwich. The return of the officer shows that they were served as defendants only, and not as garnishees. However, they have appeared in each capacity. According to the return of the officer, he purported to give notice to the principal defendant under the same order of notice on two different dates. See General Statutes § 52-68; Practice Book §§ 65, 66. It appears that there has been a disregard of the legal requirements for the proper service of process. No question has been raised concerning these irregularities or defects and we have decided to overlook them in dis-

posing of the appeal. It should be understood, however, that our action is not to be construed as approval of the procedure which has been followed.

There has been no personal service of process on the principal defendant, Frederic A. Gimbel, as an individual. Service on him, as trustee, was made upon the judge of the Probate Court in and for the district of Greenwich as his agent and attorney. Since he was a nonresident trustee, this was proper. General Statutes §§ 52-60, 52-61. He has not appeared in this action either as an individual, as trustee or as garnishee. Service of process was made on The National Bank and Trust Company of Fairfield County, as garnishee, but, upon inquiry by the officer, it made no disclosure. Nor has any disclosure been made by any of the others who were cited as garnishees. The court entered an order directing the payment of support pendente lite and making an allowance for counsel fees, and the defendants Bernard F. Gimbel and Alva Gimbel have appealed.

An order directing the payment of support and counsel fees is a judgment in personam. Without personal service upon the defendant, the court has no jurisdiction to enter a judgment in personam unless the defendant appeared voluntarily. *Pennoyer* v. *Neff,* 95 U.S. 714, 727, 24 L. Ed. 565; *Mendrochowicz* v. *Wolfe,* 139 Conn. 506, 510, 95 A.2d 260; *Parker, Peebles & Knox* v. *El Saieh,* 107 Conn. 545, 554, 141 A. 884; *Harris* v. *Weed,* 89 Conn. 214, 221, 93 A. 232. Constructive service of process on a nonresident defendant is not sufficient to furnish a basis for a judgment in personam, even though it may be shown that the defendant had actual notice of the pending action. While a court is powerless to enter a personal decree against a nonresident defendant

based solely on constructive service, it has power to deal with the defendant's property within the jurisdiction of the court. Constructive service of process upon a defendant in a proceeding against specific property of that defendant within the jurisdiction will enable the court to render a decree binding on the property. A judgment, when rendered, constitutes a charge to be satisfied out of the property which has been seized. The judgment under these circumstances is quasi in rem. *Carter* v. *Carter,* 147 Conn. 238, 241, 159 A.2d 173.

In this case the court found that, by reason of the garnishment of the property of the defendant husband, there was a res subject to the control of the court, and that there was jurisdiction to enter an order for support and counsel fees. This finding cannot stand. Our statute on foreign attachments, § 52-329, contemplates an uninterrupted possession by the garnishee of the res from the time of attachment to the time of demand on execution. The court can act only by virtue of its power to compel the garnishee to appropriate the debt to the payment on execution. *Coyne* v. *Plume,* 90 Conn. 293, 298, 97 A. 337. The jurisdiction of the court is dependent upon the dominion which it has acquired over the defendant's property. As far as appears, there was no property or income secured under the process of foreign attachment at the time of the commencement of the action. The record does not show that property of this nonresident defendant was reached or secured by the garnishment process. Under these circumstances, there was no res over which the court had dominion which could give jurisdiction to enter the order. *Artman* v. *Artman,* 111 Conn. 124, 126, 149 A. 246; *Coyne* v. *Plume,* supra, 301. It was the duty of the plaintiff to establish the existence of a

res over which the court had jurisdiction and control before any judgment could be rendered. *Pennoyer* v. *Neff,* 95 U.S. 714, 727, 24 L. Ed. 565; *Coyne* v. *Plume,* supra, 300, 301.

The plaintiff claims that the defendants have no standing which permits them to appeal to this court. This court has ruled to the contrary. *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494, 499, 35 A.2d 837. Moreover, when the absence of jurisdiction is brought to the attention of the court, cognizance of the fact must be taken and the matter determined before it can move further in the case. *Marcil* v. *A. H. Merriman & Sons, Inc.,* 115 Conn. 678, 682, 163 A. 411.

It is unnecessary to discuss the remaining assignments of error.

There is error, the order directing the payment of support pendente lite and counsel fees is set aside and the case is remanded for further proceedings according to law.

In this opinion the other judges concurred.