Alice Pezas et al. *v.* Igor A. Pezas

King, C. J., Murphy, Alcorn, House and Bogdanski, Js.

612

Argued April 15—decided May 12, 1964

*Daniel B. Badger,* with whom was *Henry W. Pascarella,* for the appellant (intervening creditor).

*John J. Sullivan,* for the appellees (plaintiffs).

KING, C. J. This was an action instituted in November, 1959, against the defendant husband, here-

inafter referred to as the defendant, by the plaintiff wife on her own behalf and, through her as next friend, by the three minor children, issue of the marriage, who are also plaintiffs, seeking an equitable order for future support, under the rule of cases such as *Artman* v. *Artman,* 111 Conn. 124, 129, 149 A. 246, *Smith* v. *Smith,* 114 Conn. 575, 580, 159 A. 489, and *Kurzatkowski* v. *Kurzatkowski,* 142 Conn. 680, 681, 116 A.2d 906. See note, 141 A.L.R. 399, 403. A first count seeking reimbursement for past due support resulted in a judgment for the defendant, under the rule of cases such as *Edson* v. *Edson,* 138 Conn. 701, 704, 88 A.2d 371, and is not involved in this appeal.

In this action an attachment was made of the defendant's undivided one-half interest in the equity of redemption in the residence of the named parties, in Greenwich. The property was owned by the plaintiff wife and the defendant jointly, with a right of survivorship, and was unencumbered except for a first mortgage of $12,000. The entire equity of redemption is of the approximate value of $75,000, leaving the value of the interest of each joint owner at about $37,500.

About an hour after the plaintiffs' attachment had been placed on the defendant's interest in the real estate, a second attachment was placed on it by American Union Transport, Inc., hereinafter referred to as Transport, in an action on an obligation of the defendant, as a guarantor, in an amount in excess of $400,000. In this latter suit, Transport recovered judgment in the amount of $405,500 and duly placed a judgment lien in that amount on the defendant's interest in the property. This judgment is wholly unpaid. Neither the plaintiff wife nor Transport has been able to find any other assets

of the defendant, nor any sources of income, and, as far as is known he has none.[1]

The defendant separated from the plaintiff wife in October, 1958, left the family residence in Greenwich and resided at the Westchester Country Club in Westchester County, New York, until March, 1960. Since that time his whereabouts have remained unknown. Until May, 1959, he made sporadic payments for the plaintiffs' support of about $3000 a month. Thereafter, he agreed to provide them with a monthly allowance of $2500, which he did until August, 1959. Since then he has paid nothing.

Transport made a motion that it be allowed to appear and defend the instant action under § 52-86 of the General Statutes.[2] This motion was granted, and pursuant thereto Transport was allowed to, and did, participate in the trial of the plaintiffs' action and vigorously contested it in the name of the defendant.

In personam service on the defendant was not achieved by the plaintiffs, so that the judgment for support is collectible only from the property attached. *Artman* v. *Artman,* supra, 127; *Smith* v. *Smith,* 150 Conn. 15, 18, 183 A.2d 848. The defend-

[1] Actually, the indebtedness guaranteed by the defendant was secured by a mortgage on a ship, but the record discloses nothing as to the value of this security.

[2] "Sec. 52-86. WHEN CREDITOR MAY APPEAR AND DEFEND. In any action in which property has been attached, any person may appear and defend in the name of the defendant, upon filing in the court an affidavit that he is a creditor of the defendant and has good reason to believe, and does believe, that the amount which the plaintiff claims was not justly due at the commencement of the suit and that he is in danger of being defrauded by a recovery by the plaintiff, and upon giving bond with surety to the plaintiff, in such amount as the court approves, for the payment of such costs as the plaintiff may thereafter recover. If the plaintiff recovers

ant, however, received actual notice of the action, he was not in the military service, and judgment by default for failure to appear was entered against him.

Transport makes no distinction between the rights of support of the plaintiff wife and those of the plaintiff minor children, and the judgment was a lump sum allowance of $500 a month, payable to the plaintiff wife for the support of all the plaintiffs. Transport does not claim that $500 a month was an excessive allowance from the point of view of the reasonable requirements of the plaintiffs' support. But it does claim that under the particular facts of this case no more than nominal support of $1 a month should have been awarded; or, in the alternative, that the award for support, as made, should not have been equitably charged on the Greenwich real estate or secured by the attachment. In passing it may be pointed out that since this is a quasi in rem action, if the alternative claim is sound, the court would lack jurisdiction to render any judgment, and the plaintiffs would be remediless. *Carter* v. *Carter,* 147 Conn. 238, 241, 159 A.2d 173; *Gimbel* v. *Gimbel,* 147 Conn. 561, 565, 163 A.2d 451.

his whole claim, costs shall be taxed against the defendant to the time of the appearance of such creditor, and for the residue of the costs such creditor shall be liable upon his bond; if only a part of the plaintiff's claim is recovered, the whole costs shall be taxed against the defendant, and the creditor shall not be liable for the same; if judgment is rendered in favor of the defendant, costs shall be taxed in his favor against the plaintiff, but the court may order that the judgment and execution therefor shall belong to such creditor. No creditor so appearing shall be permitted to plead in abatement, nor to plead or give in evidence the statute of limitations, nor to plead that the contract was not in writing according to the requirements of the statute, nor to plead any other statutory defense consistent with the justice of the plaintiff's claim."

The mere fact that a husband has no income, earned or unearned, does not relieve him from the obligation of providing support within the reasonable limits of his ability if he has available assets from which such support may be provided. *Smith v. Smith,* 114 Conn. 575, 581, 159 A. 489. Nor does the fact that the wife has, as here, property of her own, operate, as Transport seems to claim, to absolve the husband from his obligation of support. *Churchward* v. *Churchward,* 132 Conn. 72, 80, 42 A.2d 659; note, 10 A.L.R.2d 466, 529.

The claim most stressed by Transport in its brief is that to hold the interest of the defendant in the real estate under attachment to satisfy the support instalments as they accrue in the future is inequitable as against Transport's claim, which is a wholly liquidated indebtedness under a judgment. The reason most strongly urged in support of this contention is that Transport's judgment debt far exceeds any possible value of the defendant's known assets, that as far as appears the defendant is insolvent, and that the court should have found that he had no ability to provide more than nominal or token support.

Obviously, if the plaintiffs' claim were wholly due, even if wholly unliquidated in amount, it would, by virtue of the priority of attachment, have taken precedence over that of Transport. See cases such as *Beers* v. *Place,* 3 Fed. Cas. 71, 72 (No. 1233), 36 Conn. 578, 581; *Coit* v. *Sistare,* 85 Conn. 573, 578, 84 A. 119. The defendant's duty to support, however, is a continuing obligation, which ordinarily exists, even apart from any judgment or decree of support. Here, specific property was properly seized under the attachment, and the decree impressed an equitable lien on that property for the

satisfaction of the order of support in the decree, in accordance with the procedure outlined in cases such as *Artman* v. *Artman,* 111 Conn. 124, 130, 149 A. 246, and *Gimbel* v. *Gimbel,* supra. Under these circumstances, the equitable lien, impressed on the defendant's interest in the property by the decree, related back to the original attachment and took precedence over Transport's judgment lien, which related back to an attachment subsequent to that of the plaintiffs. This priority exists even as regards future instalments of support not yet due. See *Isaacs* v. *Isaacs,* 117 Va. 730, 733, 86 S.E. 105; note, 66 A.L.R. 1473; 27 Am. Jur., Husband and Wife, §§ 426-27, 430. The court may well have had discretion as to the quantum of the attached property on which it would impress an equitable lien. Note, 59 A.L.R.2d 656, 666. But even if such discretion existed, we cannot find any abuse of discretion in impressing the lien on the entire property attached.

No claim is made of fraud or collusion between the plaintiff wife and the defendant either in connection with this equitable action for support or otherwise. That equity would be competent to protect Transport from fraud or collusion is not open to question. See cases such as *Lyman* v. *Lyman,* 90 Conn. 399, 405, 97 A. 312. And we may add that, conversely, equity has the power to protect the wife and children against collusion between a creditor and the husband and father.

Indeed, an apparent purpose of the enactment of General Statutes § 52-86, previously quoted, was to permit a creditor, such as Transport, or creditors, such as the plaintiffs, to defend against possible collusive suits against the debtor. See *Norton* v. *Hickok,* 25 Conn. 356, 362.

It is unnecessary to consider Transport's claim

that it was error to enter a default against the defendant for failure to appear, since Transport, under the statutory procedure followed, was permitted to, and did, make an aggressive defense to the plaintiffs' action. The other assignments of error require no discussion.

There is no error.

In this opinion the other judges concurred.