[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Filed September 17, 1996
The marriage of the parties was dissolved on June 8, 1995. The judgment of dissolution incorporated by reference a written separation agreement between the parties. This Agreement provided for, inter alia, the support of the parties' two minor children, by requiring the plaintiff to pay the defendant a total of $1,500 per month as child support.
The plaintiff has filed a motion for modification of child support (#121), claiming a change of financial circumstances. The court held a hearing thereon on July 8, 1996, and finds the following facts.
At the time of the dissolution the plaintiff was employed as a vice-president of sales and marketing for WCTS Radio (KOOL). His base salary was $90,000 per annum plus commissions. The plaintiff's total earnings for 1995 were $105,000, including commissions.
In 1996, a business competitor of the plaintiff's employer acquired WCTS and the plaintiff was involuntarily terminated. This was effective May 29, 1996. Since then, the plaintiff has been making bona fide efforts to find other employment, but with no apparent success. He became eligible to receive unemployment compensation benefits this past August 3, 1996.
Shortly after his termination, the plaintiff received severance pay in a lump sum of $25,000 gross, $17,414 net. The CT Page 5431 parties have different contentions regarding the treatment of that pay under the Child Support Guidelines (hereinafter sometimes called "Guidelines") and have filed briefs with the court.
C.G.S. § 46b-86 provides in relevant part that:
 (a) Unless and to the extent that the decree precludes modification, any final order for . . . support . . . may at any time thereafter be continued, set aside, altered or modified by said court upon a showing of a substantial change in the circumstances of either party or upon a showing that the final order for child support substantially deviates from the child support guidelines established pursuant to § 46b-215a, unless there was a specific finding on the record that the application of the guidelines would be inequitable or inappropriate. There shall be a rebuttable presumption that any deviation of less than fifteen percent from the child support guidelines is not substantial and any deviation of fifteen percent or more from the guidelines is substantial . . .
Further, C.G.S. § 46b-215b provides in pertinent part that:
 (a) The child support and arrearage guidelines . . . and any updated guidelines . . . shall be considered in all determinations of child support amounts . . . In all such determinations there shall be a rebuttable presumption that the amount of such awards which resulted from the application of such guidelines is the amount of support or payment in any arrearage or past due support to be ordered. A specific finding on the record that the application of the guidelines would be inequitable or inappropriate in a particular case, as determined under criteria established by the commission under § 46b-215a, shall be sufficient to rebut the presumption in such case.
 (b) In any proceeding for the . . . modification of a child support award, the child support guidelines shall be considered in addition to and not in lieu of the criteria for such awards established in §§ CT Page 5432 46b-84, 46b-86 . . .
In applying the guidelines, it is first necessary to determine the gross income of each party. There is no question that, if the plaintiff's severance pay is not included as income, the guidelines would presume a significantly lower support order than is now fixed. It would then be for the court to decide whether that presumed level of support would be "inequitable or inappropriate" in this case.
This court believes that the plaintiff's receipt of severance pay is properly includable as income for substantially the reasons articulated in Burke v. Burke, Superior Court for the Judicial District of Stamford/Norwalk (Kavanewsky, J.) FA92 0128075 S (August 2, 1996). There are also additional reasons which support this conclusion. First, the guidelines' definition of "gross income" is sufficiently broad to reach this conclusion, see, Child Support Guidelines, § 46b-215a-1(11). Second, the evidence itself indicates that the severance payment was in the nature of "wages." See, Defendant's Exhibit "A."
Even were the severance payment not includable as income, the court may consider whether there are facts which rebut the presumption of the guidelines, causing the guidelines' application to be "inequitable or inappropriate." To this end, there are guidelines deviation criteria. Section 46b-215a-3. One of the deviation criteria are the financial resources available to a parent. Section 46b-215a-3(b)(1). The existence of substantial assets is grounds for deviation. Here, the plaintiff's severance pay, if not income, is a capital asset which he did not have previously. To allow the plaintiff to avoid a support obligation when he has acquired a substantial liquid asset would be inequitable. See also, Pezas v. Pezas, 151 Conn. 611,616 (1964): Hein v. Hein, 7 Conn. App. 293, 295 (1939). The court would deviate from the Guidelines' presumptive level support, of $71 per week, and set a current order of support for both children of $1,500 per month.
Either manner of reaching the same result is premised on an equitable allocation of the plaintiff's severance monies over a period of 12.7 weeks, which is the formula suggested by the defendant. Therefore, the defendant's motion to modify is denied as premature.
KAVANEWSKY, J. CT Page 5433