[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The Defendant has moved to dismiss the above-captioned custody proceeding on the ground that the Court lacks subject matter jurisdiction over the action. On September 29, 1997, the Court, Koletsky, J., entered pendente lite orders that (i) the Plaintiff have custody of the minor child subject to liberal rights of visitation and (ii) the Defendant pay child support to CT Page 6626 the Plaintiff in the amount of $120 per week. Both parties were present at that hearing. As made clear in Defendant's Memorandum of Law and Case History filed in support of his motion to dismiss, he raised the issue of subject matter jurisdiction at the time of the pendente lite hearing. By motion dated October 10, 1997, the Defendant requested a rehearing regarding the pendente lite orders which had entered and again alleged the Court's lack of jurisdiction over the matter. This motion was denied by the Court, Koletsky, J., on November 3, 1997. The Defendant has now filed a motion to dismiss the action for lack of subject matter jurisdiction.
Once the question of lack of jurisdiction of a court is raised, "[it] must be disposed of no matter in what form it is presented"; Carten v. Carten, 153 Conn. 603, 610, 219 A.2d 711
(1966); Monroe v. Monroe, 177 Conn. 173, 177, 413 A.2d 819
(1979); Browning v. Steers, 162 Conn. 623, 625, 295 A.2d 544
(1972); and the Court must "fully resolve it before proceeding further with the case." Valley Cable Vision, Inc. v. PublicUtilities Commission, 175 Conn. 30, 32, 392 A.2d 485 (1978);Gimbel v. Gimbel, 147 Conn. 561, 566, 163 A.2d 451 (1960).
The foregoing are fundamental jurisdictional principles with which the Court was assuredly familiar at the time of the pendente lite proceedings. The jurisdictional issue was clearly before the Court because, as the Defendant acknowledges, he raised it at the time of the pendente lite hearing and his motion for rehearing alleges it once again. In entering the pendente lite orders, the Court implicitly found that it had jurisdiction to act and, in so finding, rejected the Defendant's claim of lack of subject matter jurisdiction.
The issue of subject matter jurisdiction having been raised and, of necessity, determined in the past, this Court will not revisit the issue at this time. Defendant's motion to dismiss is denied.
Solomon, J.