ANDREW M. VUSLER ET AL., EXECUTORS OF GEORGE VUS-
LER, DECEASED, v. HENRY M. COX.

1. Where husband and wife are living together the presumption is in favor of the wife's authority to pledge her husband's credit for such things as fall within the domestic department ordinarily confided to her management, and for articles furnished to her for her personal use suitable to the style in which the husband chooses to live.

2. But where husband and wife are living in a state of separation, the presumption is against the authority of the wife to bind her husband by her contract.

3. To this general rule there are two notable exceptions—(1) where husband and wife separate and live in a state of separation by mutual consent, without any provision for her maintenance or means of her own for her support; (2) where the wife leaves her husband under the stress of his misconduct of such a character as in law is regarded as a justifiable cause for the wife's quitting the husband's society.

4. Independently of agency, express or implied, from cohabitation, the liability of the husband upon contracts made by the wife pledging his credit, arising from the acts or misconduct of the husband, the burden of proof is upon the party seeking to enforce against him liability for her contract. He must show affirmatively the special circumstances which shall fix responsibility on the husband in order to establish a cause of action. The fact that the plaintiff had no knowledge that the wife was living separate from her husband will not relieve the plaintiff from the burden of proof.

On *certiorari* to Warren Pleas to review a judgment of that court upon the trial of an appeal from a justice's court.

This suit was brought by Dr. Henry M. Cox, a physician, against the executors of George Vusler, deceased, to recover a bill for medical services rendered to the testator's wife between March 27th, 1883, and October 2d of the same year.

The testator died in May, 1886. The court certified that prior to May, 1880, the testator and his wife lived together for five or six years; that on or about the 5th of May the testator's wife, in his absence, moved away from his house and left him, and went to her brother's house, a few miles away; that she removed from her husband's house everything that belonged to her; that when she took away the last load of goods she told her husband that she was going to leave and was not coming back again; that the testator, after his wife left, lived with his sons until his death; that his wife never returned to him, but continued to reside at her brother's house, and that it was during her illness at her brother's house that the plaintiff rendered the professional services sued for.

The court further certified that it did not appear that the wife had any reason for leaving her husband, and that it did not appear that the plaintiff had any knowledge that the testator's wife was not living with him—the doctor denying that he knew anything about it.

Argued at February Term, 1891, before Justices DEPUE, VAN SYCKEL and SCUDDER.

For the plaintiff in *certiorari, George M. Shipman.*

*Contra, Henry S. Harris.*

The opinion of the court was delivered by

DEPUE, J.   It may be inferred from the case certified, and will be assumed, that the plaintiff rendered these services to the testator's wife without knowledge that she was living in a state of separation from her husband.

The liability of a husband on a contract made by the wife is usually ascribed to those principles which are applicable to the relation of principal and agent.

Where husband and wife are living together, the wife has implied authority to pledge her husband's credit for such

things as fall within the domestic department ordinarily confided to her management, and for articles furnished to her for her personal use suitable to the style in which the husband chooses to live.   Under such circumstances the presumption is in favor of the wife's authority to contract on behalf of her husband.   1 *Ev. Pr. & A.* 166 ; *Wilson* v. *Herbert,* 12 *Vroom* 454 ; *Jolly* v. *Rees,* 15 *C. B.,* N. S., 628 ; *Notes to Manby* v. *Scott,* 3 *Sm. Lead. Cas.* (*9th ed.*) 1757.

But where the husband and wife are living in a state of separation, the presumption is against the authority of the wife to bind the husband by her contract.   Under such circumstances the general rule is that the husband is not liable. To this rule there are two exceptions pertinent to this inquiry, the first of which is where husband and wife separate and live in a state of separation by mutual consent, without any provision for her maintenance or means of her own for her support; the other, where the wife leaves her husband under the stress of his misconduct of such a character as in law is regarded as a justifiable cause for the wife's quitting her husband's society.   In such cases, the presumption being against the liability of the husband for the wife's contract, the burden of proof is upon the party seeking to enforce against him a liability for her contract.   He must show affirmatively the special circumstances which shall fix the responsibility on the husband in order to establish his cause of action.   *Mainwaring* v. *Leslie,* 1 *Moo. & M.* 18 ; *Johnston* v. *Sumner,* 3 *Hurlst. & N.* 261, 268 ; *Blowers* v. *Sturtevant,* 4 *Den.* 46 ; *Breinig* v. *Meitzler,* 23 *Penna. St.* 156 ; *Snover* v. *Blair,* 1 *Dutcher* 94 ; 2 *Kent* 147.   The cases, English and American, on this subject, are collected in the American editions of Smith's Leading Cases under the head of Manby *v.* Scott.

The certificate of the Court of Common Pleas states that it did not appear that the wife had any reason for leaving her husband, and the facts set out in the certificate tend to show that she left of her own volition, and without any justifiable cause.

Nor will the fact that the plaintiff had no knowledge that the wife was living separate from her husband avail to relieve the plaintiff from the burden of proof. Independently of agency, express or implied from cohabitation, the liability of the husband upon contracts made by the wife pledging his credit arises from the acts or misconduct of the husband. As was said by Lord Selborne, there is no mandate in law from the fact of marriage only, making the wife the agent in law of her husband to bind him and pledge his credit, except in the particular case of necessity—a necessity which may arise where the husband has deserted the wife, or has by his conduct compelled her to live apart from him. *Debenham* v. *Mellon*, 6 *App. Cas.* 24, 31. On any other hypothesis a wife living separate from her husband without justifiable cause, or even through her own misconduct, would have it in her power to pledge his credit by seeking persons with whom to deal who were unaware of the family relations.

There being no proof of facts from which agency might be implied, and from the fact that the wife was living apart from her husband, the presumption being that she had no authority to bind the husband, the plaintiff could make no case against the husband except on proof of those particular circumstances from which the husband's liability would result as a mandate in law. To make out a cause of action against the husband, the plaintiff was bound to prove those special circumstances from which alone the husband's liability for the plaintiff's demands would result. Without such proof he had no case.

Upon the case as certified the Court of Common Pleas gave judgment for the plaintiff. That judgment was erroneous, and should be reversed.