CLARKSON CLOTHIER, MORRIS L. CLOTHIER, FREDERICK H. STRAWBRIDGE AND ROBERT K. STRAWBRIDGE, PARTNERS, TRADING AS STRAWBRIDGE & CLOTHIER, v. CALVIN R. SIGLE.

Submitted March 24, 1906—Decided June 11, 1906.

1. Where a wife is living separate from her husband, as a result of his wrongful desertion, and he refuses to furnish her adequate means for her support, the law implies an agency in her to purchase necessaries on his credit.
2. Proof of the fact that he is the deserter rests upon the plaintiff.

On appeal from the Camden District Court.

Before Justices Fort, Pitney and Reed.

For the appellant, defendant, *Bleakly & Stockwell.*

For the appellee, plaintiff, *Wilson, Carr & Stackhouse.*

The opinion of the court was delivered by

Fort, J.  The plaintiffs sue the defendant for necessaries furnished to his wife.

That articles of wearing apparel and the like were furnished to her by the plaintiffs on her order, and that they were such as were suitable for one in her station in life, was proven.

The defence was that the defendant was not living with his wife at the time the articles were purchased, but that they

were living in a state of separation, without his fault, and that the plaintiffs knew of that fact.

Where a wife is living separate and apart from her husband as a result of his wrongful desertion, and he refuses to furnish her adequate means for her support, the law implies an agency in her to purchase necessaries on the credit of the husband, but the proof of the fact that he is the deserter rests upon the plaintiff. *Vusler* v. *Cox,* 24 *Vroom* 516, 519; *Hall* v. *Weir,* 1 *Allen* 261; *Debenham* v. *Mellon,* 6 *App. Cas.* 24, 31; *Snover* v. *Blair,* 1 *Dutcher* 94; *Lockwood* v. *Thomas,* 12 *Johns.* 248; *Mayhew* v. *Thayer,* 8 *Gray* 172, 175.

The District Court judge before whom the case was tried without a jury found that the defendant had wrongfully deserted his wife, and had refused, when requested by her, to supply her with money to furnish the necessaries of life. There was evidence from which he could so find.

This court will not review the District Court on questions of fact. If there be evidence to justify the finding of that court, its judgment will be sustained. *Cosgrove* v. *Metropolitan Construction Co.,* 42 *Vroom* 106; *McLaughlin* v. *Beck,* *Id.* 380.

It is contended by the defendant that the proof showed that the defendant had provided a home for his wife, in which he resided, and that she was bound to come to him there and be supported in it, and that as she had failed to do so, this action would not lie.

The proof seems to be clear that the defendant did own a dwelling-house property, and he testified he was living in it, but there was not the slightest evidence, except his own statement, that he had ever requested his wife to come to it and live with him, or had ever offered to support her in the house. He left his wife over two years prior to the suit and had never visited her in the house from which he had deserted her, nor had he sought her to return to him or advised her that he had a home to which she might come.

The judgment of the District Court is affirmed.