· HENRIETTA P. GASTEIGER, complainant,

*v.*

JOHN GODFREY GASTEIGER, defendant.

[Decided March 10th, 1927.]

A husband against whom a decree for maintenance has been made is not entitled to have the decree suspended and bail on *ne exeat* discharged because the wife has since caused his arrest under a decree obtained in the state of their domicile. The unsuccessful prosecution in the court of the domicile does not constitute an election or abandonment of the decree in this state.

*Mr. Robert D. Grosman,* for the complainant.

*Mr. Merritt Lane,* for the defendant.

BACKES, V. C.

The defendant fled the jurisdiction of New York in January, 1925, to escape the payment of $60 a week alimony awarded to his wife under a separation decree in the supreme court of Kings county, New York, for her and her children's support, and came to Newark, where he took up his residence and engaged in business. The wife followed him here and filed her bill to recover accrued alimony under the New York decree, and for separate maintenance and support for herself and children, and on final hearing a decree was entered in her favor, April 8th, 1926, for $2,460 accrued alimony and for $30 a week support money. The defendant's income at that time did not warrant an allowance of the amount previously fixed by the New York court under different circumstances. Upon the filing of the bill a *ne exeat* issued and the defendant was arrested and released on a rule bond in $5,000 bail conditioned, among other things, that he shall at all times render himself amenable to the orders and process of

this court pending the suit, and to such process as shall be issued to compel his performance of the final decree therein, and shall appear before this court or any officer thereof when so required by the order of this court. The defendant paid the alimony until July, and, being eleven weeks in arrears, an order to show cause was made October 11th why he should not be adjudged in contempt, which is one of the matters now being pressed.

In June the defendant called on his wife in New York, and after some disorder—the wife says he was drunk—he was taken to the police station and later was held in bail under a warrant of arrest, in contempt, issued in his wife's New York suit about the time he escaped to this state. He posted $1,500 cash bail and forfeited it. In October he again went to New York to consult his wife's lawyer. He claims he was promised immunity from arrest for six months so that he could settle there in business and adjust his differences with his wife, and that relying on this he later in the month called on his wife and was jailed until he should pay the arrears of alimony, $2,930. The promise of immunity, except as to the first trip, is denied, and, on the contrary, it is claimed that the defendant invited arrest in an effort to release the bail in the suit in this court.

The defendant now moves to vacate the final decree or suspend its operation, and to set aside the writ of *ne exeat* or discharge the bail on the ground that the complainant lured him into New York to enable her to prosecute her action there, and that, therefore, she has made her election to proceed in that suit and that that is tantamount to an abandonment of her suit here, and that, at all events, she should not be permitted to prosecute both actions at the same time. If the complainant induced the defendant to enter New York and unlawfully procured his arrest, which is not satisfactorily established, relief should be sought in the courts of that state; it is an irrelevant issue here. And as to the election: The courts of two states have been unable, so far, to compel the defendant to regard the simplest duty of husband and father; he has defied both. The wife is seeking a single re-

dress—support—and is privileged to the aid of either, or both, under the circumstances, and the doors of the one or the other, or both, are open to her until the husband realizes his duty and submits. State boundaries do not make court barriers.

The defendant has contemned the order of this court. The proofs show that he had the ability to comply with its terms, and they were considerate and within his means, and he chose not to obey. A warrant will issue to be executed upon his release from his present incarceration. Under the statute of New York he will be discharged after six months' imprisonment. If he fails to submit to the writ committing him for his contempt, proceedings then may be taken to forfeit the bond, which will be breached, according to its condition, upon his failure to "render himself amenable to such process as shall be issued to compel the performance of the final decree."

The claim that the defendant is not in arrears, because the forfeited $1,500 bail was paid over to the wife, is frivolous. More than that amount had accrued under the New York decree and it was appropriated in payment, and there remained a large deficiency. Of course, the payment of all the alimony under the New York decree would discharge the amount due here.

Much has been said about the wife's father persecuting the defendant. If he has been impelled by any other motive than to bring the defendant to his sense of duty to his wife and children it has not been shown, and, besides, the wife is not responsible for any of her father's efforts that may have been ill-chosen. Aside from this, if the defendant is obligated to the father, for which the latter has been pursuing him with, it is said, thirty law suits, the number is not surprising if, with the same measure of success, the defendant resorted to the methods he has to avoid supporting his family.