ST. MARY'S HOSPITAL, PLAINTIFF-RESPONDENT, v. NORMAN PAXTON, DEFENDANT-APPELLANT.

Submitted January 29, 1932—Decided April 8, 1932.

Before Justices CAMPBELL, LLOYD and BODINE.

For the plaintiff-appellee, *Solomon S. Solky.*

For the defendant-appellant, *August W. Hock.*

PER CURIAM.

This is an appeal from a judgment in favor of the plaintiff in the sum of $32.70. The case was tried before the District Court without a jury, and involves no new principles of law. The plaintiff sued to recover for hospital fees and services rendered to defendant's wife. The defendant did not dispute the bill beyond testifying that he was separated from his wife, had published a newspaper notice that he would no longer be answerable for her bills, and had not expressly or impliedly authorized the expenditure.

"Where the husband and wife are living in a state of separation, the presumption is against the authority of the wife to bind the husband by her contract. Under such circumstances the general rule is that the husband is not liable. To this rule there are two exceptions pertinent to this inquiry, the first of which is where husband and wife separate and live in a state of separation by mutual consent, without any provision for her maintenance or means of her own for her support; the other, where the wife leaves her husband under the stress of his misconduct of such a character as in law is regarded as a justifiable cause for the wife's quitting her husband's society. In such cases, the presumption being against the liability of the husband for the wife's contract, the burden of proof is upon the party seeking to enforce against him a liability for her contract. He must show affirmatively the special circumstances which shall fix the responsibility on the husband in order to establish his cause of action." *Vusler* v. *Cox*, 53 *N. J. L.* 516, 518. See, also, *Strawbridge & Clothier et al.* v. *Sigle*, 73 *Id.* 419; *Wanamaker* v. *Ulizio*, 102 *Id.* 166.

We cannot find any proof that the husband was the deserter. Therefore, we must assume that there was a separation by mutual consent, and the record is absolutely barren that the wife was without means for her support and no provision had been made therefor.

The judgment is reversed.