## SAKS AND COMPANY, A CORPORATION, APPELLANT, v. MARY A. BARRETT, RESPONDENT.

Submitted October 31, 1931—Decided May 16, 1932.

For the appellant, *Smith & Slingerland* (*Elmer F. Holtz,* on the brief).

For the respondent, *Stetson & Mapletoft* (*Henry T. Stetson* and *William C. Gormley,* on the brief).

The opinion of the court was delivered by

TRENCHARD, J. This action was brought by a merchant against the defendant, a married woman, living with her husband, to recover $2,119.06 due on an open book account for goods sold and delivered, as plaintiff contends, upon her credit alone.

The trial judge directed a verdict for the defendant. We think that was erroneous.

Of course the defendant had the capacity to bind herself to pay for these goods if she saw fit to do so, because chapter 71 of law of 1929 declares "that any married woman shall, after the passing of this act, have a right to bind herself by contract in the same manner and to the same extent as though

she were unmarried, which contracts shall be legal and obligatory and may be enforced at law or in equity, by and against such married woman in her own name apart from her husband."

It is true that where, as here, the husband and wife are living together, there is a presumption in favor of the wife's authority to contract on behalf of her husband for such goods as fall within the domestic department ordinarily confided to her management, and for articles furnished to her for her personal use suitable to the style in which her husband chooses to live. But that presumption may be overcome by evidence, for the wife may contract for such goods and articles as principal, and assume the responsibility of a principal debtor, and such liability will be fixed upon her if it affirmatively appears that she made the purchases on her individual credit by evidence either of an express contract on her part to pay out of her separate estate or of circumstances that show clearly that she assumed individual responsibility for payment, exclusive of the liability of the husband. *Wilson* v. *Herbert,* 41 *N. J. L.* 454; *Vusler* v. *Cox,* 53 *Id.* 516; *Feiner* v. *Boynton,* 73 *Id.* 136; *Mooney* v. *McMahon,* 83 *Id.* 120.

Of course the learned trial judge recognized the defendant's capacity to contract. He, however, directed a verdict for the defendant because he thought that "it did not affirmatively appear that Mrs. Barrett intended to charge her personal credit." But we think that question, under the evidence, was for the jury.

The evidence tended to show that the defendant, Mary A. Barrett, was the wife of Stephen F. Barrett, and that they were living together; that the account was opened in the name of the defendant, Mrs. Stephen F. Barrett, on her own application in writing signed by her "Mary A. Barrett;" that the account was opened by the plaintiff in the defendant's name only, after investigation of her personal credit; that within the period of three months thereafter the defendant personally purchased the goods in question with instructions that they be charged to her account, which was done; that the plaintiff at no time had any dealings or communication

whatsoever with the defendant's husband and that he never paid anything on account.

If, therefore, the case had been submitted to the jury, and if the jury had believed the testimony and evidence submitted by the plaintiff, as they well might have done, for it seems to have been uncontradicted, they might well have found that the credit was extended to the defendant personally, and that she assumed individual responsibility for payment. It follows that the question should have been submitted to the jury, and hence the direction of the verdict in her favor was erroneous.

The judgment below will be reversed, and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, CAMPBELL, LLOYD, CASE, BODINE, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.