LOUISE MAY GEORGE, complainant,

*v.*

DAVID B. GEORGE, defendant.

[Decided November 19th, 1941.]

*Mr. John Henry Reiners, Jr.,* for the complainant.

*Messrs. Katzenbach, Gildea & Rudner,* for the defendant, under special appearance.

HERR, A. M.

This is a separate maintenance suit brought *quasi in rem* under *R. S. 2:50-39, 40,* and *R. S. 2:29-88 et seq.; N. J. S. A. 2:50-39, 40,* and *N. J. S. A. 2:29-88 et seq.* Pennsylvania is the matrimonial domicile of the parties and continues to be the domicile of the complainant. She was abandoned there by the defendant on August 2d, 1940. Since then he has neglected to maintain and provide for her, and has kept his whereabouts concealed, so that she has been

precluded from bringing suit against him for support *in personam* in Pennsylvania or elsewhere. *Pennoyer* v. *Neff, 95 U. S.. 714; 24 L. Ed. 565.*

Property belonging to the defendant was, however, located in New Jersey. Hence this suit. Adequate proofs led the court to issue a writ of sequestration as original process, under which the property was duly seized. The cause proceeded regularly to final hearing, *ex parte*. By the decree the measure of complainant's separate maintenance was adjudged and decreed, and she has since been in receipt of regular maintenance payments out of the proceeds of the property. No writ of subpœna was issued in the cause.

The defendant now moves under special appearance to dismiss the bill and all proceedings thereunder, urging that the court was without jurisdiction to entertain the suit because neither party was domiciled in New Jersey, and was without jurisdiction to grant relief because no writ of subpœna was issued and returned prior to the adjudication.

Since the enactment of our present divorce statute in the year 1907, our courts do not seem to have been called upon to decide directly whether the domicile of at least one of the parties in this state continues to be, as it was prior to the adoption of that statute, a condition of the court's jurisdiction over the subject-matter of separate maintenance. Such was the jurisdictional condition expressly imposed by statute throughout the period commencing in the year 1818, when the legislature first authorized the court to decree separate maintenance, until the year 1907, when our present act was adopted. *P. L. 1818 p. 20; P. L. 1820 p. 43; Revision of 1846 Statute 1847 p. 922; Revision of 1874 p. 254; P. L. 1902 p. 502* (§ *III 4, VI p. 504*) ; *P. L. 1902 p. 268; P. L. 1907 p. 482.*

By the 1907 act the legislature adopted a new schedule of domiciliary requirements as the basis of jurisdiction in matrimonial causes, which are now embodied in *R. S. 2:50-9, 10* and *11; N. J. S. A. 2:50-9, 10* and *11,* but which relate exclusively to divorce and nullity actions. As to separate maintenance the legislature saw fit to waive all domiciliary conditions by expressly repealing the prior legislation and

by omitting to re-enact any such provisions. *P. L. 1907 ch. 216; Comp. Stat. p. 2021.* The 1907 act is a comprehensive revision of the whole subject-matter of nullity, divorce and separate maintenance, superseding all prior legislation on these subjects. By necessary implication it must be held that the legislative intent was to eliminate all domiciliary requirements in separate maintenance actions, and the statute must be read as though it included an express declaration to that effect. See *Roche* v. *Jersey City, 40 N. J. L. 257; Bracken* v. *Smith, 39 N. J. Eq. 169.* It follows that to decline to take jurisdiction of a suit for separate maintenance merely because neither party happens to be domiciled in New Jersey would be to circumscribe the operation of this highly remedial statute in contravention of the clear legislative mandate.

The 1907 act marks a radical departure from the earlier notion that the court cannot decree support unless it has acquired jurisdiction over the *status* of the marriage to an extent sufficient to constitute the jurisdictional basis of a decree for divorce. The legislature thereby adopted the more reasonable view that the wife's cause of action for support is independent of the *status* of the marriage and is essentially personal and transitory in its nature. See *Lynde* v. *Lynde, 64 N. J. Eq. 736; 52 Atl. Rep. 694; Gasteiger* v. *Gasteiger, 5 N. J. Mis. R. 315; 136 Atl. Rep. 497; Fried* v. *Fried, 99 N. J. Eq. 106; 132 Atl. Rep. 674; Sutphen* v. *Sutphen, 103 N. J. Eq. 203; 142 Atl. Rep. 817; Dennison* v. *Dennison, 98 N. J. Eq. 230; 130 Atl. Rep. 463; affirmed, 99 N. J. Eq. 883; 133 Atl. Rep. 919; Noel* v. *Noel, 15 N. J. Mis. R. 576; 193 Atl. Rep. 558; Bueter* v. *Bueter, 18 S. D. 94; 45 N. W. Rep. 208; 8 L. R. A. 562; Kelley* v. *Bausman, 98 Wash. 686; 168 Pac. Rep. 181; Artman* v. *Artman, 111 Conn. 124; 149 Atl. Rep. 246.* Consistently with this view the legislature has recently provided for a plenary suit for alimony, without domiciliary conditions, in the interest of women who have secured divorces elsewhere than in New Jersey (*R. S. 2:50-37; N. J. S. A. 2:50-37; P. L. 1938 ch. 235 p. 538*), thus recognizing alimony and maintenance as being in the same category (that is, as being merely dif-

ferent terms used in differing situations to describe the same thing, viz., the husband's obligation to support his wife, or his former wife who has divorced him), and emphasizing the independent and transitory nature of all causes of action for support as distinguished from causes of action for divorce.

There never existed any sound reason why the statutory remedy for separate maintenance should have been conditioned upon domicile. The wife's right to support is a common law right universally upheld in all civilized communities. It does not spring from statute. Her common law remedy consists of the pledging of her husband's credit, resulting in a creditor's cause of action which is essentially transitory, sounding in contract. *Vusler* v. *Cox, 53 N. J. L. 516; 22 Atl. Rep. 347,* and cases cited. The statute has furnished the wife with an additional, direct remedy, co-extensive with her common law right. *Richman* v. *Richman, 129 N. J. Eq. 114; 18 Atl. Rep. (2d) 403; Weigand* v. *Weigand, 41 N. J. Eq. 202, 209; 3 Atl. Rep. 699; affirmed, 42 N. J. Eq. 699; 11 Atl. Rep. 113.* The ultimate repeal of all domiciliary limitations upon this statutory remedy was deliberate and thoroughly justified on principle. Regardless of where the parties may be domiciled (in the absence of statutory restriction), why should a deserting husband be afforded a haven for his person or his property in this state or in any other state against the just claims of his destitute wife? What sound principle in law or in morals can be invoked to give him immunity because of state boundaries? See *Gasteiger* v. *Gasteiger, supra.* No matter where the domicile of the parties may be the wife's cause of action for support ought to be enforceable, on equitable principles and with due regard to the rules of comity, wherever she can secure service of process personally upon her husband or wherever she can reach his property by due process. Decisions of other states applying domiciliary limitations in such cases are generally based upon local statutes prescribing such limitations. See *Anderson* v. *Anderson, 140 Okla. 168; 282 Pac. Rep. 335; 74 A. L. R. 1231,* and cases cited.

Our statutes provide that if property of a non-resident husband is found in this state a writ of sequestration may issue

against it in a separate maintenance suit as original process. The action is then *quasi in rem*. Defendant's property is substituted for his person, and the decree affects his property only. *Wood* v. *Price, 79 N. J. Eq. 1; 81 Atl. Rep. 1093; affirmed, 79 N. J. Eq. 620; 81 Atl. Rep. 893; 38 L. R. A. (N. S.) 772; Ann. Cas. 1913A 1210; Swetland* v. *Swetland, 105 N. J. Eq. 608; 149 Atl. Rep. 50; affirmed, 107 N. J. Eq. 504; 153 Atl. Rep. 907; Vaux* v. *Vaux, 115 N. J. Eq. 586; 172 Atl. Rep. 68; Frank* v. *H. E. Salzburg Co., 102 N. J. Eq. 107; 140 Atl. Rep. 241; Maloney* v. *Maloney, 12 N. J. Mis. R. 397; 174 Atl. Rep. 28.*

Defendant nevertheless contends (refusing to concede the statutory abolition of all domiciliary limitations, and insisting that the court is free to determine, on general principles, whether or not such limitations should be read into the law) that suits for separate maintenance should be held to be conditioned upon the domicile of at least one of the parties in New Jersey. He argues that otherwise there might result great confusion, vexation and injustice, because a wife might then institute proceedings for her separate maintenance in every state where property of her husband might be found, and have it decreed to her in each state, whereas the law of the matrimonial domicile might afford her no such remedies, or might afford her husband defenses not available to him elsewhere, or might even, through its courts, have decreed a restitution of conjugal rights. He urges specifically that he may have defenses against complainant under the laws of Pennsylvania which are not available to him here. In my judgment, these contentions are without substance (assuming that they can be given any consideration in view of the statutory mandate) for the reason that in decreeing separate maintenance the court applies equitable principles, weighs all of the facts and circumstances and is guided by principles of comity and expediency, to the end that a husband may be protected against the inequitable claims of an overreaching wife, as well as that a husband shall not be permitted to escape his just obligation to maintain his abandoned wife.

In this matter, had litigation been brought in Pennsylvania for complainant's support this court, in its discretion

and upon principles of comity, might have refrained from exercising the jurisdiction undoubtedly possessed by it, except as ancillary to the Pennsylvania proceedings. But since defendant has made it impossible for suit to be brought against him there it does not lie in his mouth to object to this court's assumption of jurisdiction on the ground that he might have defenses in Pennsylvania not available to him here. To sustain such an objection would be to permit him to profit by his own wrong. Moreover, such considerations have to do merely with the matter of comity, not with the question of jurisdiction. Having assumed original jurisdiction we are not concerned with alleged defenses not available under our own statute. We administer our own law. See *Corbin* v. *Mathews, 129 N. J. Eq. 549, 554; 19 Atl. Rep. (2d) 633.*

The further contention that our assumption of jurisdiction in this case is violative of the Fifth and Fourteenth Amendments of the Federal Constitution is not sustained by the authorities. See *Pennington* v. *Fourth National Bank 243 U. S. 269; 61 L. Ed. 713; Restatement: Conf. of Laws: §§ 116, 462, 463, 457 (c) ; 2 Beale: Conf. of Laws 1438* and note; *27 Am. Jur. 26.*

Nor is the absence of a subpœna of any moment. The issuance and return of a writ of subpœna was not needed to clothe the court with jurisdiction to make the decree. The cause of action for separate maintenance is statutory and the statutes expressly provide that the original process shall be sequestration where (as in this case) the defendant is a non-resident and has property within this state. *R. S. 2:50-39, 40; R. S. 2:29-88 et seq.; N. J. S. A. 2:50-39, 40; N. J. S. A. 2:29-88 et seq.* Jurisdiction rests upon the seizure of the defendant's New Jersey property under the writ of sequestration regularly issued upon adequate proofs. *Frank* v. *H. E. Salzburg Co., supra.*

In my judgment the decree is unassailable on jurisdictional grounds. Defendant's petition must therefore be dismissed.