11 N.J. Super. 39 (1950)
77 A.2d 489
LAURIE SMEDLEY, PLAINTIFF-RESPONDENT,
v.
EDWIN SWEETEN, DEFENDANT-APPELLANT, AND AMY SWEETEN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1950.
Decided December 20, 1950.
*41 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
Mr. John Henry Reiners, Jr., argued the cause for the appellant.
Mr. Guy Lee, Jr., argued the cause for the plaintiff-respondent.
Mr. Lynwood Lord filed a brief for the defendant-respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
The plaintiff, a merchant, prosecuted this action against the defendants, Edwin Sweeten and Amy Sweeten, husband and wife, to recover from them or one of them the reasonable value of certain alleged necessaries supplied by the plaintiff to Mrs. Sweeten. A judgment was rendered by the Gloucester County District Court Judge imposing the sole liability for the payment of the account upon the husband, Edwin Sweeten. The legal propriety of the judgment constitutes the subject matter of the present appeal.
There is no intimation in the certified statement of the evidence here submitted (Rules 1:2-23 and 4:2-6) that the husband personally purchased the articles or expressly authorized their sale to his wife on his credit.
It may be stated to be the broad general rule that the relation of principal and agent is not inherent in the marital relation. While marriage may be a relevant circumstance, it is the general principle that the wife is the agent of her husband only by virtue of his authority expressly conferred or reasonably to be implied from the circumstances. There are in the law instances of apparent or ostensible authority *42 which more commonly have the characteristic features of estoppel and the somewhat unique exemplifications of an agency or kindred relationship rather artificially created by implication of law. Barber v. Hochstrasser, 136 N.J.L. 76 (Sup. Ct. 1947).
The civil and common law levied an obligation upon every husband to support his wife. Public policy and the general welfare required the imposition of that responsibility. Coincidental in the recognition and enforcement of that duty, the law originated that which Anson in his work on Contracts and Schouler in his treatise on Husband and Wife have regarded as an "agency from necessity."
"Circumstances operating upon the conduct of the parties may create in certain cases agency from necessity. * * * A husband is bound to maintain his wife; if therefore he wrongfully leave her without means of subsistence she becomes `an agent of necessity to supply her wants upon his credit' * * *. In all these cases the legal relations between principal and agent do not arise from agreement; they are imposed by law on the parties without their consent in order to promote general welfare." Anson, Principles of the Law of Contracts (1919), § 444.
And so, where husband and wife are living together the law generates the presumption in favor of implied authority in the wife "to pledge her husband's credit for such articles as fall within the domestic department ordinarily confided to her management, and for articles furnished to her for her personal use suitable to the style in which the husband chooses to live." Vusler v. Cox, 53 N.J.L. 516 (Sup. Ct. 1891); Wilson v. Herbert, 41 N.J.L. 454 (Sup. Ct. 1879).
Where the husband and wife are not cohabiting, the presumption of such implied authority does not exist and the creditor in order to establish the liability of the husband for the purchases of necessaries by the wife must affirmatively prove that the parties were then living in a state of separation by mutual consent, without any provision for the maintenance *43 of the wife or means of her own for her support, or that the wife separated from her husband under the stress of his misconduct of such a character as in law is regarded as a justifiable cause. Vusler v. Cox, supra; Kelner v. Lee, 1 N.J. Super. 193 (App. Div. 1949); St. Mary's Hospital v. Paxton, 10 N.J. Misc. 514 (Sup. Ct. 1932). In the one or the other set of such circumstances the law restores the presumption of the implied agency. Strawbridge & Clothier v. Sigle, 73 N.J.L. 419 (Sup. Ct. 1906).
An appreciation of how closely the wife's implied authority is attached to the duty of the husband to support her is exemplified by the observations of Chief Justice Gummere imparted in the decision rendered in McCreery & Co. v. Martin, 84 N.J.L. 626 (E. & A. 1913): "This duty which the law imposes upon the husband, and which he must discharge to the extent of his ability, is satisfied by a single performance. In other words, having once performed it, the law does not impose upon him the obligation of duplicating that performance. When he has supplied his wife with those necessaries which their station in life and his financial standing entitle her to have at his hands, or has furnished her with moneys sufficient to enable her to purchase them for herself, he is under no obligation to pay bills incurred by her for what would have been necessaries if he had not already supplied her therewith, but which are not, in fact, such, because of the precedent supply. The husband may permit such extravagance on the part of the wife if he sees fit; but having discharged the obligation which the law imposes upon him with relation to his wife's necessaries, he is entitled to regulate her expenditures, for which he is to become responsible, by his own discretion and judgment."
Perhaps in this discussion of the presumption of implied authority it ought to be noted that the presumption is not conclusive and it may be overcome by refutatory evidence. Saks & Co. v. Barrett, 109 N.J.L. 42 (E. & A. 1932); Gimbel Bros., Inc., v. Barrett, 109 N.J.L. 63 (E. & A 1932).
*44 With this general background of the existing state of the law, we proceed to examine the statement of the evidence in the present case. We notice that neither defendant testified at the trial. The alleged cause of action was sought to be sustained solely by the testimony of the plaintiff, which is exhibited to us as follows:
"She testified that the items purchased which were the basis of the book account, were charged to Mr. Sweeten at the direction of Mrs. Sweeten; that Mr. Sweeten never authorized the opening of the account; that the charges were made against the account at the express direction of Mrs. Sweeten; that Mr. Sweeten made none of the purchases; that all of the items purchased were delivered to Mrs. Sweeten and were purchased by her; that some of the items purchased were for the use of Mr. Sweeten's infant daughter, Shirley, but that she could not separate any of those items so that she did not know which items were for Mrs. Sweeten's use or for the use of Shirley Sweeten, the daughter."
It is at once noticeable that Mr. Sweeten "never authorized the opening of the account" and that all of the articles were purchased by Mrs. Sweeten and delivered to her. In such circumstances it became incumbent upon the plaintiff to introduce evidence of facts from which the implication of an implied agency would legally arise.
There was no evidence from which it could be logically inferred that the husband, by any conduct on his part, had induced the plaintiff to believe that the wife had such authority. The plaintiff seems merely to have assumed that the wife possessed the power to pledge her husband's credit.
The ensuing quotation from the opinion of the Court of Errors and Appeals in McCreery & Co. v. Martin, supra, is interesting and apt: "But there seems no ground for such assumption on the part of the tradesman who deals with the wife for the first time. He is supposed to know that the wife's power to pledge her husband's credit is not without limit; that she can only do so for the purpose of obtaining those necessaries which the law requires him to furnish her, and to the extent that they remain unfurnished; and he can readily ascertain by inquiry the fact of the wife's authority *45 to pledge her husband's credit for the purchases which she desires to make. The suggestion that such action on the part of the tradesman might readily be considered offensive, not only by the wife who seeks to make the purchases, but by the husband whose credit she seeks to pledge, is fully answered by what was said by Lord Justice Bramwell, in Debenham v. Mellon, 5 Q.B.D. 394, 400 viz.: `If it be said that such a proceeding would offend the customer, I answer that that may be an excellent reason why the tradesman should not ask the question; but it is no reason for seeking to make the husband pay because the question is not asked.'"
Our attention, however, fastens upon a fundamental deficiency in the plaintiff's proof. As we have explained, proof of the marital status is prima facie evidence of the husband's obligation to support his wife, but the status of marriage does not of itself give rise to the presumption of the implied agency with which we are here concerned.
The husband's liability to a third party for necessaries furnished to his wife may arise in two distinct classes of cases: where the wife lives with him or where she lives separate from him. In the class first mentioned, it is the cohabitation that supplies the rather broad presumption of the assent of the husband; in the second class, the presumption arises from the special circumstances to which we have previously referred. The fatal insufficiency of the plaintiff's case is the absence of proof of either basis.
In the present case the liability of the husband, the appellant, was sought to be erected solely upon proof of the existence of the marital relationship between the defendants.
The denial of the motion of the defendant for a dismissal of the plaintiff's action was manifestly erroneous and the judgment under review is accordingly reversed and the action remanded to the District Court for a trial de novo.