**BARNEY E. SACHS, Appellant**

v.

**MARGHERITTA C. SACHS, Appellee**

No. 12,485

United States Court of Appeals

Third Circuit

Argued January 28, 1959

Decided April 1, 1959

*See, also, 265 F.2d 31*

WILLIAM W. BAILEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellant*

GEORGE H. T. DUDLEY, Charlotte Amalie, St. Thomas, Virgin Islands, *for appellee*

Before MARIS, WOODBURY and HASTIE, *Circuit Judges*

MARIS, *Circuit Judge*

This is an appeal by the plaintiff, Barney E. Sachs, from a final decree of the District Court of the Virgin Islands dismissing his complaint which sought a divorce from the defendant, Margheritta C. Sachs, and awarding her $3,783 for support and other expenses plus a counsel fee.

It appears that the parties were residents of Massachusetts and that at the suit of the present defendant the Probate Court of Worcester County, Massachusetts, entered a decree granting her a legal separation from the present plaintiff and awarding her $175 per week for the support of herself and their two minor children. The plaintiff subsequently came to the Virgin Islands where, after six weeks' residence, he filed the present suit for divorce on the ground of incompatibility of temperament. The defendant answered denying the ground alleged and seeking judgment in her favor for arrears of support money under the Massachusetts decree as well as reimbursement for certain expenses for the benefit of the children.

Both parties appeared and testified at the trial, following which the District Court filed an opinion, 3 V.I. 264, 155 F. Supp. 860, and findings of fact, conclusions of law and a decree dismissing the plaintiff's complaint but granting judgment for the defendant against the plaintiff for $3,783 plus an attorney's fee of $1,500. The court stayed execution for 30 days but enjoined the plaintiff from disposing of any of his property, particularly a motor vehicle No. T-2114. This appeal followed.

■ One of the findings of fact made by the District Court was that the plaintiff is a resident of Massachusetts. This finding is amply supported by the credible evidence even though it is true that the plaintiff had been physically present in the Virgin Islands for about six months immediately before the trial. That presence was clearly intended to be temporary and did not serve to change the plaintiff's domicile from Massachusetts to the Virgin Islands. 16 V.I.C. § 106, however, requires that the plaintiff in a divorce action "must be an inhabitant of the Virgin Islands who is domiciled therein at the commencement of the action." In this respect the statute follows a basic requirement for jurisdiction in a divorce action. Burch v. Burch, 3 Cir. 1952, 2 V.I. 559, 568-569, 195 F.2d 799, 804-805; Granville-Smith v. Granville-Smith, 3 Cir. 1954, 3 V.I. 519, 214 F.2d 820, affirmed on other grounds, 349 U.S. 1, 75 S. Ct. 553, 99 L. Ed. 773. It follows that since the plaintiff was domiciled in Massachusetts at the commencement of the action and not in the Virgin Islands the District Court was without jurisdiction to entertain his complaint and it was properly dismissed. We accordingly do not reach the merits of the complaint.

■ This brings us to the question whether the District Court lacked power to grant the defendant a judgment for support payments as to which the plaintiff was in arrears under the prior Massachusetts support order and for the necessary expenses incurred by the defendant for their children. The prayer for such relief in the defendant's answer which appeared under the heading of a special and separate defense should, of course, as a matter of good pleading, have been denominated a counterclaim. But Rule 8(c) of the Federal Rules of Civil Procedure, 5 V.I.C. App. I, 28 U.S.C. App., provides that "When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court on terms, if justice so re-

quires, shall treat the pleading as if there had been a proper designation." Here the District Court treated the defendant's prayer as a counterclaim, which in reality it was, and we do not think it abused its discretion in doing so.

The counterclaim was an independent claim against the plaintiff based upon the judgment of the Massachusetts probate court. If supported by independent grounds of jurisdiction, the District Court could entertain it regardless of that court's lack of jurisdiction over the complaint. Isenberg v. Biddle, 75 U.S. App. D.C. 100, 125 F.2d 741, 743; Pioche Mines Consol. v. Fidelity-Philadelphia Trust Co., 9 Cir. 1953, 206 F.2d 336, cert. den. 346 U.S. 899, 74 S. Ct. 225, 98 L. Ed. 400; Haberman v. Equitable Life Assurance Society of U.S., 5 Cir. 1955, 224 F.2d 401, 409, cert. den. 350 U.S. 948, 76 S. Ct. 322, 100 L. Ed. 826; Switzer Brothers, Inc. v. Chicago Cardboard Co., 7 Cir. 1958, 252 F.2d 407, 410; 3 Moore's Federal Practice, 2d ed., § 13.15. For there is no question but that section 22 of the Revised Organic Act (1954), prec. 1 V.I.C., 48 U.S.C. § 1612, gives the District Court subject matter jurisdiction over actions brought to enforce judgments for support. Thus such actions, whether original or interposed by way of counterclaim, may be entertained so long as the court has jurisdiction over the defendant in person or over his property. Greenspan v. Greenspan, 1941, 19 N.J. Misc. 153, 156-157, 18 A.2d 283, 286; Melvin v. Melvin, 1942, 76 U.S. App. D.C. 56, 129 F.2d 39; George v. George, 1942, 20 N.J. Misc. 41, 44, 23 A.2d 599, 601; Restatement, Conflict of Laws, §§ 116, 464; Goodrich, Conflict of Laws, 3d ed., p. 426; Keezer, Marriage and Divorce, 3d ed., §§ 567, 577F. And here the plaintiff, having submitted himself to the jurisdiction of the District Court by filing his complaint and appearing therein, put it within the power of the court to render a personal judgment

against him on the counterclaim. Adam v. Saenger, 1938, 303 U.S. 59, 58 S. Ct. 454, 82 L. Ed. 649. We conclude that the District Court did not err in entertaining the defendant's counterclaim and granting the defendant judgment thereon. The amount of the judgment, as distinguished from the power of the court to enter it, is not in dispute on this appeal.

██ The plaintiff's remaining contentions are equally without merit. It was not incumbent upon the District Court to include its formal findings of fact in its opinion. On the contrary, their filing with the court's decree was in full compliance with Rule 52(a). And, finally, the District Court acted fully within its discretionary power in restraining the plaintiff from disposing of his automobile in the Virgin Islands during the time during which execution of the judgment was stayed. Compare Vanderbilt v. Vanderbilt, 1957, 354 U.S. 416, 77 S. Ct. 1360, 1 L. Ed. 2d 1456.

The decree of the District Court will be affirmed.