196 N.J. Super. 133 (1984)
481 A.2d 835
NATIONAL ACCOUNT SYSTEMS, INC., PLAINTIFF-RESPONDENT,
v.
ISABEL MERCADO, DEFENDANT-APPELLANT, AND MIGUEL MERCADO, EVELYN MERCADO AND ANGEL MERCADO, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued September 10, 1984.
Decided September 20, 1984.
*134 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Douglas R. Smith argued the cause for appellant (Tessler & Smith, attorneys).
Arthur J. Raimon argued the cause for respondent (Sol Rosenberg, attorney).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
This matter is before the court pursuant to our order of May 1, 1984 granting defendant Isabel Mercado leave to appeal from an order of March 26, 1984 denying her a summary judgment dismissing plaintiff's action seeking to recover hospital expenses of defendant's deceased husband. The only basis for imposition of liability on defendant is that resulting as a matter of law from her relationship to the decedent. Thus we deal with the application of Jersey Shore Medical Center-Fitkin Hospital v. Estate of Baum, 84 N.J. 137 (1980), concerning the liability of a spouse to a creditor supplying necessary goods and services to the other spouse.
The parties are in agreement that there are no disputed facts in this case. Isabel Mercado was married to Jose Mercado in 1966. Until August 27, 1976 when they separated, the couple lived together in Paterson. They have never since resided together. During the separation the couple made no support payments to each other. The couple had no separation agreement nor did either institute a matrimonial action against the other. On September 20, 1980 Jose Mercado was admitted to St. Joseph's Hospital in Paterson for a stay that lasted until October 11, 1980. He was readmitted to St. Joseph's on July 12, 1981 and remained there until his death on July 26, 1981. The bill owed St. Joseph's for the hospitalization was $16,713.44, none of which was paid.
*135 St. Joseph's assigned the debt to plaintiff which brought this action in the Superior Court, Law Division, seeking to recover for the hospitalization. Plaintiff named four defendants, Isabel Mercado, Evelyn Mercado, Miguel Mercado and Angel Mercado but we are not concerned with the theory on which it proceeded against the latter three defendants. Angel Mercado was never served with a summons and complaint and the action was dismissed as to him. The remaining three defendants moved for summary judgment. The motions of Evelyn and Isabel Mercado were denied and that of Miguel was granted. On March 26, 1984 the trial judge entered an order reflecting his decisions on the summary judgment motions. We granted Isabel Mercado leave to appeal from that order.
In Jersey Shore, Etc. v. Estate of Baum, supra, 84 N.J. at 137, the Supreme Court extended the common law rule imposing liability in certain circumstances on a husband for necessaries furnished his wife to a wife for necessaries furnished the husband. The court declared:
We conclude that the common law rule must yield to the evolving interdependence of married men and women and to the reality that a marriage is a partnership. Consequently, we declare that both spouses are liable for necessary expenses incurred by either spouse in the course of the marriage. As long as the marriage subsists, the financial resources of both spouses should be available to pay a creditor who provides necessary goods and services to either spouse. That conclusion comports with our belief that in most marriages a husband and wife consider themselves as a financial unit in paying necessary expenses incurred by either marital partner. However, a judgment creditor must first seek satisfaction from the income and other property of the spouse who incurred the debt. If those financial resources are insufficient, the creditor may then seek satisfaction from the income and property of the other spouse. [84 N.J. at 141]
Plaintiff's position on this appeal is that the marriage between Isabel Mercado and the decedent "subsisted" at the time of the hospitalizations. It focuses on the fact that Jose and Isabel Mercado, though separated, were not divorced. Thus the marriage legally existed until Jose's death. Defendant contends that in view of the separation and the financial independence of the parties she should not be liable.
*136 We are satisfied that in some circumstances a marriage will cease to subsist for purposes of liability under Jersey Shore, Etc. v. Estate of Baum, supra, 84 N.J. at 137, even though the parties are legally married. This conclusion is compelled from the long recognized pre-Jersey Shore rule as set forth in Smedley v. Sweeten, 11 N.J. Super. 39 (App.Div. 1950), that following a separation a creditor:
... to establish the liability of the husband for the purchases of necessaries by the wife must affirmatively prove that the parties were then living in a state of separation by mutual consent, without any provision for the maintenance of the wife or means of her own for her support, or that the wife separated from her husband under the stress of his misconduct of such a character as in law is regarded as a justifiable cause. [11 N.J. Super. at 42-43]
It follows, of course, that in other circumstances before Jersey Shore a husband was not always liable for necessaries supplied to his wife. Thus, proof of an undissolved marriage does not in itself provide the basis for liability to a creditor supplying a spouse with necessaries. We see nothing in Jersey Shore, Etc. v. Estate of Baum to indicate that the Supreme Court would discard the rule as set forth in Smedley v. Sweeten at least to the extent that Smedley v. Sweeten held that a husband was not always liable for a wife's necessaries simply by reason of the continuation of the marriage.
The issue then is whether notwithstanding the fact that Jose and Isabel Mercado were never divorced the marriage between them may be said to have no longer subsisted under Jersey Shore, Etc. v. Estate of Baum during Jose's hospitalizations. Here the couple had been separated for four years and were not supporting each other. There is no indication in the record that the couple separated for the purpose of allowing Isabel to avoid liability for future hospital bills for Jose. Indeed, at the time of the separation she could not have been liable for such a bill on the basis of her marriage to Jose for only after Jersey Shore, Etc. v. Estate of Baum, decided almost four years later, was liability for necessaries supplied to a husband extended to a wife. We cannot regard the marriage as viable at the time of Jose's hospitalizations. Certainly the *137 couple was not a financial unit at that time. Thus plaintiff's assignor, when it admitted Jose to its facility, could not have reasonably assumed that Isabel's assets would be available for payment of its bill. In the circumstances liability should not be imposed on her. See Jersey Shore, Etc. v. Estate of Baum, supra, 84 N.J. at 151.
Our result is consistent with that reached by statute and case law in similar situations. For purposes of equitable distribution the filing date of a divorce complaint ordinarily fixes the time of termination of the marriage though in some circumstances an earlier time may be used. See Portner v. Portner, 93 N.J. 215 (1983). Accordingly, in all equitable distribution cases the date used to identify the assets will be before the entry of a judgment for divorce and thus will be a time when the marriage has not been legally dissolved. Under N.J.S.A. 3B:8-1 a surviving spouse of a New Jersey domiciliary dying on or after May 28, 1980 has a right, subject to certain limitations and conditions, to elect to take one-third of the decedent's augmented estate providing:
... that at the time of death the decedent and the surviving spouse had not been living separate and apart in different habitations or had not ceased to cohabit as man and wife, either as the result of judgment of divorce from bed and board or under circumstances which would have given rise to a cause of action for divorce or nullity of marriage to a decedent prior to his death under the laws of this State.
These rules applicable in equitable distribution and estate contexts make it plain that the Supreme Court and the Legislature, for purposes of property claims between spouses, may regard a marriage as terminated even though it has not been dissolved by divorce. We see no reason why a like result should not be reached here.
Insofar as the order of March 26, 1984 denied Isabel Mercado summary judgment it is reversed and the complaint against her is dismissed. The matter is remanded to the Superior Court, Law Division, Passaic County, for disposition of the remainder of the case. We do not retain jurisdiction.